**TAYLOR, Jr., Plaintiff-Appellee, v. NATIONAL AUTO BROKERS, INC., Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5357.   Decided June 18, 1956.

John C. Wheatley, Columbus, for plaintiff-appellee.
Louis H. Wedemeyer, Columbus, for defendant-appellant.

### OPINION

By THE COURT.

This is an appeal on questions of law and fact from a judgment of the Municipal Court of Columbus, Ohio, rendered in favor of the plaintiff-appellee.

The action was one seeking to recover the purchase price of a certain automobile, plus cost of repairs made upon the same, for the alleged

reason that a mistake was made in the description of said car, to wit, that it was described to the plaintiff as being a 1952 Nash "Station Wagon," when in fact it was a Nash "Suburban" instead.

Plaintiff also prayed that the contract of sale be rescinded, the certificate of title be cancelled and the defendant be required to accept the return of the said automobile.

The case originated in the Municipal Court of Columbus which may only exercise equitable jurisdiction when the action is primarily one of law and the equitable relief sought is secondary. **Sec. 1901.18 R. C.** We think the trial court properly acquired jurisdiction in the case. **Conner v. Light & Furniture Co., 94 Oh Ap 385.** The action was therefore one of law and the case is not appealable on law and fact. We recognize that §2501.02 R. C., provides that actions for the "reformation and cancellation of instruments in writing" are appealable on law and fact. The nature of the appeal, however, is to be determined by the primary relief sought, which in this case is the recovery of the money expended for said automobile. See **Westerhaus Co., Inc., v. City of Cincinnati et al., 165 Oh St 327.** When a Court of Appeals has no jurisdiction to entertain the appeal it may sua sponte decide the question. **Puthoff v. Owens-Illinois Glass Co., 30 Abs 653; Sawbrook Steel Castings Co. v. United Steel Workers of America, 78 Oh Ap 497,** affirmed, **148 Oh St 73.**

The appeal will therefore be dismissed, but the case will be retained for determination on questions of law only and the appellant will be granted leave to file bill of exceptions, assignment of errors and brief in accordance with Supplement to Rule VII of this Court. A copy of the testimony submitted in the trial court has been filed, but this should be re-filed as a bill of exceptions. Appellee will also be granted leave to file answer brief according to said rule.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.

No. 5357.   Decided October 1, 1956.

## OPINION
By THE COURT.

This is an appeal on questions of law from a judgment of the Municipal Court, Civil Division, Franklin County, Ohio, ordering the rescission of a contract between the parties and entering money judgment for plaintiff-appellee.

At the outset we should say that although we have heretofore sustained a motion to dismiss the appeal on questions of law and fact, upon further consideration of the relief sought and granted we are now satisfied that the appeal should proceed on questions of law and fact. We so consider it. Except for some procedural difficulties because of the ruling of the trial judge on the admission of certain evidence, we would reach the same conclusion on either type of appeal.

We examine the findings of fact and conclusions of law of the trial judge as follows:

Finding of Fact No. 1:

"That on or about the thirty-first day of January 1955, plaintiff entered into an agreement to purchase a 1952 Nash Rambler Station Wagon, **Model No. 5224**, for an agreed price of $795.00" and other charges * * *; said vehicle being represented to plaintiff by defendant as a station wagon **Model No. 5224.**

No. 2:

Defendant subsequently delivered a Nash motor vehicle to plaintiff purporting to be for a 1952 Nash Rambler Station Wagon, Model No. 5224, but the vehicle delivered by defendant to plaintiff was a Nash Suburban, Model No. 5214, an inferior vehicle as to price at least.

No. 3: * * *

No. 4: * * *

Conclusions of Law:

1. That motor vehicle delivered by defendant **was not the motor vehicle as represented by the defendant,** or for which plaintiff received a certificate of title."

We emphasize the portions of Finding of Fact No. 1 which are not fully supported by the record and which are essential to the conclusion of law No. 1, emphasized.

The plaintiff did not aver that the defendant represented that the car to be transferred was Model No. 5224, nor does the evidence disclose that the model number was mentioned until it appeared on the certificate of title issued to the plaintiff. The contract of purchase between the parties described the vehicle which plaintiff bought as a "1952 6 cylinder Nash Rambler Station Wagon."

Plaintiff in his petition relies on the following averments:

"* * * plaintiff entered into a contract in writing for the purchase from the defendant of a 1952 6 cylinder Nash Rambler **Station Wagon.**

(Emphasis ours.) * * * Defendant thereupon transferred title to plaintiff on a 1952 Nash 6 cylinder Station Wagon bearing Motor No. F-92195, and Manufacturer's Serial No. D 84199. On or about February 9, 1955, plaintiff secured memorandum, certificate of title No. 532950 as evidence of said transfer of title.

"At all times prior thereto, defendant had represented that said automobile was a 1952 Nash **Station Wagon.** (Emphasis ours.) On or about February 14, 1955, plaintiff first discovered that said automobile was in fact a 1952 **Nash Suburban** and not a 1952 **Nash Station wagon.** (Emphasis ours.) The average retail value of a 1952 Nash Station Wagon is approximately $200.00 ($45.00) more than a 1952 Suburban. Upon discovering that the automobile purchased from defendant was in fact a **Nash Suburban** and not a **Nash Station Wagon** (Emphasis ours.) * * * plaintiff tendered back the automobile * * *."

By the contract of purchase the dealer was obligated to transfer title to plaintiff to a Nash 6 cylinder Rambler Station Wagon and it was the contention of the plaintiff in his petition and by his evidence that the dealer failed to perform as agreed.

The certificate of title which was issued to plaintiff described a Nash 6 cylinder Rambler 1952 Station Wagon and the Model No. as 5224, whereas the Model Number on the car transferred to plaintiff was 5214. Plaintiff relied upon his claim that in 1952 Nash made no station wagon other than Model No. 5214 and that therefore Model No. 5214 was not that of a station wagon. There was evidence that the difference in value between Model No. 5214 and Model No. 5224 was $80.00.

The plaintiff may not recover upon the difference in the model numbers between the car which he received and the description in the certificate of title because he did not rely upon such fact, nor was it controlling of his right to the remedy sought.

Upon the issue drawn by the pleadings witnesses testified for and against the material averment of plaintiff that the representation that the car described was a 1952 Rambler Station Wagon was not true.

Plaintiff offered a page from the 1955 issue of the "Red Book," a publication widely used by car dealers which makes appraisals of used cars with name of manufacturer, style, motor number, model number of automobiles. This book made the following pertinent listing:

| NASH—Body Type | Model |
|---|---|
| 1952-Six-Rambler-Super-Suburban | 5214 |
| Custom—Station Wagon | 5224 |

Defendant offered a page from N. A. D. A., a Used Car Guide, widely used by dealers and finance companies. It listed:

1952 Nash-6
RAMBLER

| Super Station Wagon (Sub.) | Model No. 5214 |
|---|---|
| Custom Station Wagon | Model No. 5224 |

Both of these books offered secondary proof only of the issue, but are received because there is no objection or exception to their admission. There is no proof that one of these publications is superior to the other in accuracy of description of the various automobiles listed nor that in their publication the manufacturers had any part. Manifestly,

the proof is in equipoise upon the information set out in the two trade publications.

The decisive answer to the issue whether Nash made more than one station wagon in 1952 appears from Exhibit E offered by defendant but rejected upon objection by plaintiff's counsel. We admit it as vital and material.

This exhibit is the "Manufacturer's Statement of Origin to a Motor Vehicle," wherein the Nash-Kelvinator Corporation, the manufacturer of the Nash automobile, certifies that the Nash 1952, Model 5214, is a Station Wagon. This certificate was made in the original transfer from the manufacturer to a dealer. The model number was properly carried in the first transfer from the dealer to a purchaser. In the succeeding transfers the model number was improperly stated.

It is significant that §4505.06 R. C., defining the essentials to the application and issuance of certificate of title for an automobile provides:

"If satisfied that the applicant is the owner of such motor vehicle and that the application is in the proper form, the clerk shall issue a certificate of title over his signature and sealed with his seal."

The defendant received his certificate of title with the improper designation of the model number of the automobile. This exhibit was not admitted in evidence. It is not controlling or material to any issue.

Inasmuch as the defendant agreed only to transfer a Nash 6 cylinder 1952 Rambler Station Wagon to plaintiff and was required only to make a certificate of title in conformity therewith, the fact that the certificate carried a model number different than that found on the station wagon delivered is under the circumstances appearing not controlling of the right of the plaintiff to the relief sought. Especially is this true inasmuch as there was very little difference in the two station wagons, plaintiff had full opportunity to and did inspect the automobile which he was purchasing, drove it, had it checked by a mechanic, received the identical car which he had examined and driven and as represented in the preliminary negotiations and as contracted to be delivered in the purchase agreement between the parties.

Upon the evidence now admitted upon the issue of fact if the car delivered to plaintiff was a 1952 Nash Rambler Station Wagon, the proof is conclusive in favor of the defendant. Although the question is not presented there is a substantial question if the Municipal Court had jurisdiction to adjudicate the case made by the pleadings.

The plaintiff did not sustain the burden of proof on the material averments essential to the relief sought.

We enter judgment for the defendant on the appeal on questions of law and fact.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.