CENCI, APPELLEE, *v.* ISSENMANN, BISHOP, APPELLEE, ET AL., APPELLANT.

(No. 7315—Decided November 12, 1963.)

Messrs. *Porter, Stanley, Treffinger & Platt, Mr. John H. Leddy* and *Mr. James S. Monahan,* for plaintiff-appellee.
Messrs. *Connor, Connor & Bennett,* for defendant-appellee.
Mr. *Robert H. Albert,* for appellant.

TROOP, J. This appeal is from a decision in an action begun in the Columbus Municipal Court by Nick Cenci, plaintiff. Two persons were named as parties defendant, Clarence G. Issenmann, Bishop of the Roman Catholic Diocese of Columbus, and Barney P. O'Dea. Bishop Issenmann is made a party defendant because, as alleged in the petition, St. Joseph Cemetery, Lockbourne, Ohio, "is owned by and is under the direct control" of the Bishop of the Columbus Diocese.

Plaintiff, Cenci, further alleges that he purchased ten burial spaces in St. Joseph Cemetery in 1944 and that four of the ten spaces were intended for the benefit of his daughter, Carmel, and her family. At the time of the purchase the daughter, Carmel, was married to the defendant Barney O'Dea. Plaintiff says that the cemetery authorities had notice of such intention and issued a document evidencing ownership of four spaces in O'Dea and one for six spaces in the name of the plaintiff, although plaintiff "is and has been the owner of said burial spaces."

Domestic difficulties developed following the death of a

child of plaintiff's daughter, Carmel, and defendant O'Dea, the child having been interred in one of the burial spaces in question, and a divorce followed. Plaintiff further says, that he desired to erect a family monument on the tract he had purchased, but was prevented from doing so by the rules of the cemetery which limited him to a monument for the ten spaces and required the acquiescence of O'Dea, the registered owner of four spaces, who refused to approve. The original action resulted from the application of the regulation by St. Joseph Cemetery and the refusal of O'Dea to consent to the installation.

The trial court found in favor of the plaintiff, Nick Cenci, and against the defendants. In addition to its determination that Nick Cenci was the owner of all ten burial spaces, the court ordered (see journal entry filed February 7, 1963), as follows:

"* * * that the record of deeds, and all other burial records of St. Joseph's Cemetery, shall be corrected to show that Nick Cenci is the true and legal owner of said spaces and lots; * * *."

The court further found, as recited in the entry, that the plaintiff, Nick Cenci:

"* * * is entitled to all rights incidental to the ownership of such spaces and lots as expressly provided by the by-laws of said cemetery, including the right to erect a common grave marker or monument on such spaces and lots. * * *"

This appeal was taken following the overruling of a motion for a new trial. The appeal is by the defendant O'Dea alone, the defendant Bishop Clarence Issenmann having indicated that he will be guided by the determination of the courts as to the law applicable in the case. Appellant sets forth four assignments of error. The second assignment is of primary importance and is dispositive of the appeal, and reads as follows:

"The court erred in overruling the defendant's motion for dismissal on the grounds that the court did not have jurisdiction of the subject matter of the action in that the relief prayed for was not within the equitable power of the court."

Section 1901.18 (C), Revised Code, recites the jurisdiction of a Municipal Court as to subject matter. It reads as follows:

"In any action at law based on contract, to determine, preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable

remedies necessary or proper for a complete determination of the rights of the parties thereto;''

The equitable jurisdiction of the Municipal Court is specified and not unlimited, which we must recognize even though it seems desirable to broaden the jurisdiction within monetary limits. Equity powers may be exercised when necessary to a complete adjudication ''in any action at law based on contract.'' Controlling and determinative are the two essentials as quoted, i. e., the cause before the court must be an ''action at law'' and ''based on contract.''

In reviewing the record in this case, it is reasonably clear that there was a contract. It was an oral contract. Plaintiff's exhibits 1 and 2, entitled ''St. Joseph Cemetery Columbus, Ohio—this document, made and delivered as a record,'' dated May 20, 1944, and signed by the secretary, are memoranda evidencing the oral agreement and an attempt to reduce that agreement to a formal writing. The action in the trial court, it may well be argued, is one ''based on contract,'' but is it an ''action at law''?

While the prayer of a petition is not conclusive of a determination of the category into which an action falls, it provides considerable assistance in that determination. The prayer contained in plaintiff's petition reads as follows:

''Wherefore, plaintiff prays for a declaratory judgment declaring, determining and deciding his right to have all ten said burial spaces registered upon the records of said cemetery in his name as rightful owner, and declaring his right to erect a family monument on the burial spaces, and for such further relief, legal and equitable as may be proper and just, with his costs herein.''

Another identifying mark of an action at law in the ''ex contractu'' group is the allegation of a breach of the contract and consequent damages. The allegation in all of the pleadings, as well as the prayer of the petition, help to determine the nature of the action. Nowhere in the pleadings in this case is there even a slight suggestion of a breach of a contract and damages accruing from the breach.

It is the finding of this court that the plaintiff, Nick Cenci, alleges, in his petition, an oral contract and the relief he seeks is the reformation of the memoranda issued by the cemetery,

delivered to him and always in his possession, to conform to the terms of that oral contract. The action is, therefore, not one "at law" but one in equity and beyond the statutory jurisdiction of the Municipal Court. Attention is directed to 1 Ohio Jurisprudence (2d), beginning at page 264 *et seq.*, Sections 10 through 15. At page 265, part of Section 10 reads as follows:

"The character of an action as a legal or equitable action is determined principally from the pleadings and issues tendered; the pleadings and issues determine whether the case is one over which courts of equity do or have been accustomed to exercise jurisdiction. To this end the essential and material averments of the petition will be scrutinized and the pleadings stripped of all surplus and immaterial statements. This determination is made by considering the issues presented and the relief required as of the time of the trial. The presence of an issue of fact to be decided does not necessarily characterize an action as one at law."

The text writers have dealt particularly with the matter of the reformation of instruments in 47 Ohio Jurisprudence (2d), beginning at page 119. At page 130, Section 9 reads in part, as follows:

"A court of equity * * * will, with a very few exceptions, allow the reformation of any kind of instrument which fixes or creates legal rights and obligations as between parties, to make the instrument truly express the actual intention of the parties."

That is exactly what the plaintiff in this action seeks to do, but he must begin his action in a *court of equity*. Such a remedy is not incident to the limited equitable jurisdiction of a Municipal Court as defined by statute.

The former Second District Court of Appeals, of which this county was then a part, considered the matter of whether the reformation of an instrument was within the jurisdiction of the Columbus Municipal Court in the case of *Taylor, Jr.,* v. *National Auto Brokers, Inc.* (1956), 77 Ohio Law Abs., 252. Headnotes one and two are in point. They are as follows:

"The Municipal Court of Columbus may only exercise equitable jurisdiction when the action is primarily one of law and the equitable relief sought is secondary.

"The nature of an appeal is determined by the primary relief sought."

Having found that appellant's second assignment of error is well taken, it is not necessary to pass upon the remaining three.

The judgment of the trial court is reversed and the cause remanded with the direction to dismiss it for lack of jurisdiction.

*Judgment reversed.*

BRYANT and DUFFEY, JJ., concur.