VILLAGE OF WOODMERE, APPELLEE, *v.* SMITH, APPELLANT.

(No. 46592—Decided October 3, 1983.)

*Ms. Almeta A. Johnson,* village solicitor, for appellee.

*Mr. Joseph Kalk,* for appellant.

*Per Curiam.* The complaining witness, Thomas L. McClure, is the Chief of Police of the village of Woodmere, Ohio. Defendant-appellant, Rayner J. Smith, is the Mayor of the village of Woodmere, Ohio.

On December 1, 1982, McClure executed an affidavit, by virtue of which a warrant for the arrest of Smith was issued by the Clerk of the Bedford Municipal Court. McClure then caused the arrest of Smith, who thereafter appeared at the municipal court for an arraignment, at which time he entered a plea of "not guilty." A jury having been waived, the case was tried to the court on January 27, 1983.

At the conclusion of the prosecution's case, the defendant moved for an order of acquittal pursuant to Crim. R. 29, and the same was granted.

In its entry, the court wrote:

"This being the 27th day of January, 1983, the Court having heard the testimony, evidence and arguments, parties present, upon due consideration finds Probable Cause Found for issuance of Affidavit and Warrant.

"Rule 29 Motion for Dismissal, at close of Prosecutor's evidence, is well taken and the same is hereby granted.

"The defendant is therefore ordered not to interfere with Police Department procedures unless done with approval of legislative body or under provisions and statutory requirements of Ohio Revised Code."

No appeal was taken from this order. However, on February 4, 1983, defendant filed a motion to correct the journal entry in the following particulars:

"(1) By striking from said Journal Entry, the words 'finds Probable Cause Found for issuance of Affidavit and Warrant'; and

"(2) By striking the entire 5th paragraph of said Journal Entry which reads: 'The defendant is therefore ordered not to interfere with Police Department procedures unless done with approval of legislative body or under provisions and statutory requirements of Ohio Revised Code.' "

On February 22, 1983, the court overruled said motion; and, it is from this ruling, *only*, that the within appeal is taken.

On March 4, 1983, within the time prescribed by the Appellate Rules, defendant filed a notice of appeal, the necessary praecipe and other documents. On May 17, 1983, this court overruled a motion by appellee to dismiss the within appeal for the reason that App. R. 4(B) had not been complied with.

### Assignment of Error No. 1

"The court erred in denying the defendant's motion to correct the journal entry.

"(a) The trial court erred in denying the defendant's motion to correct the journal entry by refusing to strike the language 'finding [*sic*] probable cause found for issuance of affidavit and warrant.'

"(b) The trial court erred in refusing to strike the language from the journal entry which reads '[t]he defendant is therefore ordered not to interfere with the Police Department procedures unless done with approval of legislative body or under provisions and statutory requirements of Ohio Revised Code.' "

The portion of the journal entry which imposes a restraint upon defendant is an exercise of equitable jurisdiction and constitutes a continuing order which survives the conclusion of the case.

It has long been held that the municipal courts of Ohio do not have equitable jurisdiction. *Cenci* v. *Issenmann* (1963), 120 Ohio App. 99 [28 O.O.2d 293], established the principle that, pursuant to R.C. 1901.18, a municipal court does not have equity jurisdiction. While there is some authority that, in an action dealing with contracts, a municipal court may determine secondary issues of an equitable nature, the within action is a *criminal* case. The determination of the court is either "guilty" or "not guilty." Once the finding is "not guilty," as in the present case, then the case is over; and no continuing jurisdiction over the defendant is reserved by the municipal court.

Consequently, the portion of the journal entry imposing a continuing restraint upon defendant is beyond the jurisdiction of the municipal court and should be stricken from the journal entry.

In the instant case, the defendant was acquitted. It is not for the municipal court to determine whether or not there was probable cause. The question of probable cause is one that arises in an action for *malicious prosecution* — a case which cannot be filed until *after* the criminal matter is concluded. It is for the judge and the jury in a *subsequent* action to determine whether or not there was "probable cause." The *only* question before the municipal court was whether the defen-

dant was guilty or not guilty. The only findings available to the court were "guilty" or "not guilty."

Consequently, the portion of the journal entry finding probable cause is beyond the jurisdiction of the municipal court and should be stricken from the journal entry.

Assignment of Error No. 1 is well-taken and sustained.

### Assignment of Error No. 2

"The court's finding of 'probable cause' and the issuance of an order restraining the action of the defendant were made without giving the defendant an opportunity to be heard."

The entry of the municipal court was made after the prosecutor had rested but *before* the defendant had presented his case, and the case was dismissed because the prosecutor's case was insufficient.

The court made a unilateral finding based upon evidence which the court itself found insufficient, and its ruling is without foundation and it denied the defendant due process of law.

Assignment of Error No. 2 is well-taken and sustained.

The judgment of the Bedford Municipal Court is reversed and the cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

PATTON, C.J., ANN MCMANAMON and CHRISTIANSEN, JJ., concur.

CHRISTIANSEN, J., of the Richland County Probate Court, sitting by assignment in the Eighth Appellate District.