DECISION AND JUDGMENT ENTRY
Liquor control officers from the Ohio Department of Public Safety ("Department") seized several items of personal property when they arrested appellee David Owens and three others. After dismissing the case, the Athens County Municipal Court ordered the Department to return the illegally-seized items to the appellee or pay the appellee $317, which represented the value of the property. The Department appeals the municipal court's order and raises five assignments of error:
FIRST ASSIGNMENT OF ERROR:
 The trial court erred in taking jurisdiction over defendant, David Owens', original motion for return of the property or for money damages when that subject matter did not exist in that Court.
SECOND ASSIGNMENT OF ERROR:
 The trial court improperly exceeded its statutory jurisdiction by proceeding to hear the merits of the claim for money damages, when the party bringing the motion lacked standing, and because the matter, if justiciable, should have been brought in a separate civil proceeding.
THIRD ASSIGNMENT OF ERROR:
 The trial court lacked personal jurisdiction over the defendant, the Director of Public Safety, Maureen O'Connor, as the underlying matter is a criminal matter for which the Public Safety Director is not a necessary party, and because she was not properly brought into the action as a party.
FOURTH ASSIGNMENT OF ERROR:
 The trial court abused its discretion in ignoring previous contrary determinations of the same branch of that court, upon which the State of Ohio new-party defendant had the right to rely, with respect to disposition of the property at issue.
FIFTH ASSIGNMENT OF ERROR:
 The trial court erred in allowing testimony regarding the value of the property that was the subject of the motion, when the value, and the ownership of the property, were not properly established.
We hold that the trial court properly exercised jurisdiction to entertain a motion for return of the seized property. We also hold, however, that the court exceeded its authority when it ordered the Department to pay a monetary sum in lieu of returning the property to the appellee. Accordingly, we affirm in part and reverse in part.
 I.
On Halloween night, 1998, agents from the Department's liquor control division made a warrantless entry into a "keg party" at a house shared by Owens and three housemates. The agents arrested all four residents for allegedly providing alcohol to persons under twenty-one years of age, in violation of R.C. 4301.69 (B). The agents seized fourteen kegs, two keg taps, a "beer bong," and a cooler. All fourteen kegs and one of the keg taps were rented from a local distributor; the remaining property belonged to the arrestees. Following the arrests and seizure, one of the agents filed a municipal court complaint alleging violations of R.C.4301.69 (B).
Owens and the other defendants filed a motion to suppress all evidence seized by the Department. The trial court granted the motion upon finding that the Department's agents conducted an illegal entry into the defendants' home. The court subsequently dismissed the charges against the four men after the prosecution decided not to proceed to trial. On the same day it journalized the dismissal entry, the court entered an order submitted by the Department stating: "Upon final adjudication of the aforementioned proceedings, it is hereby ordered that the evidence in this case be forfeited to the Ohio Department of Public Safety for disposal." This order was presented to the court without a motion, notice, or any opportunity for a hearing.
Four days after the court dismissed the case, Owens and two other defendants filed a motion requesting return of the illegally-seized evidence. The court granted the motion and ordered the Department to return the illegally-seized property to the defendants' residence in Athens.[1] After the Department failed to return the property, Owens filed a motion requesting an order of contempt against Maureen O'Connor, as the Department's director, for failure to comply with the court's order for return. The court declined to rule on Owens' request for contempt, but ordered the Department to "either return to David Owens * * * the property previously described or * * * pay to David Owens the sum of $317.00." The court's order called for the Department to comply in either manner within thirty days of the entry. The Department filed a timely notice of appeal.
 II.
In its first assignment of error, the Department argues that the municipal court lacked subject-matter jurisdiction to decide a motion for return of the seized property. Subject matter jurisdiction refers to a court's power to hear and decide a particular case on its merits. BCL Enterprises, Inc. v. OhioDept. of Liquor Control (1997), 77 Ohio St.3d 467, 469; Morrisonv. Steiner (1972), 32 Ohio St.2d 86, paragraph one of the syllabus. A judgment rendered by a court lacking subject-matter jurisdiction is void ab initio. Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus.
In arguing that the municipal court lacked jurisdiction to entertain the motion for return of the seized property, the Department relies on R.C. 4301.31, which states:
 * * * no court, other than the court of common pleas of Franklin county, has jurisdiction of any action against the liquor control commission, liquor control investigators of the department of public safety, the superintendent of liquor control, or the division of liquor control, to restrain the exercise of any power or to compel the performance of any duty under Chapters 4301. and 4303. of the Revised Code.
The Department also argues that the municipal court's jurisdiction was limited by R.C. 4301.10, which sets forth the powers and duties of the Department's division of liquor control. Specifically, R.C. 4301.10 (B) (1) provides that the liquor control division may be sued "only in connection with the execution of leases of real estate and the purchases and contracts necessary for the operation of state liquor stores * * *." In light of these limitations on when and where the Department's liquor control division may be sued, the Department argues that the municipal court was without subject-matter jurisdiction to entertain the appellee's motion for return of his property. We disagree.
The Department operates on the faulty premise that Owens sued
the Department in a civil action. He did not. Owens and two other defendants filed a Crim.R. 12 (F) motion connected with the underlying criminal proceeding initiated by the state against them.[2] A municipal court has subject-matter jurisdiction over criminal cases concerning the alleged commission of any misdemeanor within its territorial limits. R.C. 1901.20 (A). Because the state charged Owens and the other defendants with a misdemeanor, the Athens County municipal court was a proper court for the criminal complaint.[3] Further, when exercising jurisdiction under R.C. 1901.20, the municipal courts follow the practice and procedure set forth in the Criminal Rules. See R.C.1901.21 (A). Part of this procedure is Crim.R. 12 (F), which allows a defendant to request the return of the illegally-seized evidence after the court has granted a motion to suppress. Owens and the other defendants therefore filed a motion that is specifically contemplated in the Criminal Rules in connection with a criminal proceeding that was within the municipal court's subject-matter jurisdiction. Consequently, the municipal court properly exercised jurisdiction over the Crim.R. 12 (F) motion. There is no merit to the Department's assertion that the municipal court lacked the jurisdiction to order the return of the illegally-seized evidence to Owens.
In addition to granting the motion for return, the municipal court gave the Department an option regarding how it may comply with its order. The municipal court's order allowed the Department to pay Owens $317 in lieu of returning the seized property. Thus, the court ostensibly ordered the Department to pay $317 to Owens if it could not (or chose not to) return the property to him. While the court had jurisdiction to order a return of the property, we find no jurisdiction to order a payment of money.
Crim.R. 12 (F) expressly allows a defendant to request the return of property. The rule is silent, however, concerning payment of a monetary sum in lieu of the property itself. The plain language of Crim.R. 12 (F) merely allows the court to order the seized property to be returned to a defendant entitled to possession. In the absence of any authorization in the rule, the municipal court lacked jurisdiction to order the payment of $317 to a defendant in a criminal case. Cf. Woodmere v. Smith (1983),11 Ohio App.3d 195, 196 (following acquittal in criminal trial, municipal court lacked jurisdiction to make an additional finding that probable cause existed). The award by the court of the seized property's value amounts to an award for damages for the Department's purported conversion of the various items it illegally seized from Owens and his housemates. A Crim.R. 12 (F) motion is not the proper procedural mechanism for securing damages.[4] Accordingly, we reverse that portion of the trial court's entry that ordered the Department to pay $317 to Owens in lieu of returning the property. The Department's first assignment of error is sustained to this limited effect.
 III.
In the second assignment of error, the Department asserts that Owens lacked standing to move the court for return of the illegally-seized property. The Department notes that Owens was not the "true owner" of the kegs and that Owens failed to establish his ownership of the remaining items, viz. a "beer bong," keg taps, and a cooler. If the court were to uphold the order of return, the Department contends that the controversy would remain "unresolved" because the true owners of the property in question were not parties to the proceedings.
The Department's argument assumes that true ownership is a prerequisite to a criminal defendant's ability to recover property under Crim.R. 12 (F). The text of the rule, however, allows for return of seized property following a sustained motion to suppress "if the defendant is entitled to possession of the property." (Emphasis added.) Moreover, R.C. 2933.41, Ohio's forfeiture statute, similarly permits return of confiscated evidence to persons demonstrating a right to "possession rather than an ownership interest. See Eastlake v. Lorenzo (1992),82 Ohio App.3d 740, 743. Thus, the relevant question is not whether Owens owned the property illegally seized by the Department; rather, the question is whether Owens lawfully possessed the property.
"Possession" refers to the control of property "for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, either held personally or by another who exercises it in one's place and name." Chagrin Falls v. Loveman
(1986), 34 Ohio App.3d 212, 216; see, also, Black's Law Dictionary (7 Ed. 1999) 1183. The Department does not argue that Owens (or his housemates) lacked possessory rights in the illegally-seized property. Indeed, the record indicates that the property seized was either owned or rented by Owens and his housemates.
The second assignment of error is overruled.[5]
 IV.
In the third assignment of error, the Department argues that the municipal court lacked the requisite personal jurisdiction over its director, Maureen O'Connor, that would allow the court to order the return of the seized property to Owens. The Department argues that it was never a party to the underlying criminal proceeding and that the court therefore had no jurisdiction to exercise over it.
The Department's attempt to question the municipal court's personal jurisdiction over it is misplaced in this case. A personal jurisdiction inquiry normally asks whether a court has proper jurisdiction over a defendant in a civil action, so as to render a valid personal judgment. See Maryhew v. Yova (1984),11 Ohio St.3d 154, 156; see, generally, World-Wide Volkswagen Corp.v. Woodson (1980), 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490. This case, however, arises out of a criminal action involving the state as a plaintiff prosecuting an alleged violation of underage drinking laws. Under this procedural scenario, there is simply no issue of personal jurisdiction. The state has invoked the jurisdiction of the court and cannot now argue that personal jurisdiction is lacking.
Notwithstanding the mischaracterization of its argument as one of personal jurisdiction, we recognize the gravamen of the Department's contention. The Department argues that it is not a "proper party" to the motion for return of the seized property because it was not a party to the underlying criminal proceeding. We cannot, however, agree with the Department's argument. The Department was properly subject to the municipal court's order to return the property because it is an agency of the state of Ohio,i.e. a party in the underlying criminal action. The state acts through its various agencies (or heads thereof) and is therefore the real party in interest in actions brought by or against those agencies. See State v. Williams (1996), 76 Ohio St.3d 290, 295;State ex rel. Wilson v. Preston (1962), 173 Ohio St. 203, paragraph seven of the syllabus. Thus, the state of Ohio is the real party in interest connected with the criminal prosecutionand the order to return the property. For all intents and purposes, the municipal court ordered the state to return the defendants' property; its specification of the Department simply recognized the practical reality that it was the specific state agency that possessed the illegally-seized property. Insofar as the Department was an agent of the real party in interest, viz.
the State of Ohio, the court's order for return was proper.[6]
The third assignment of error is overruled.
 V.
In the fourth assignment of error, the Department challenges the propriety of the court's order for return of the property when it had already entered an order authorizing disposal. Because the trial court had already signed an order for disposal, the Department argues that the later order for return constituted an "unwarranted reversal of the previous order."
The Department's argument operates on the incorrect assumption that the trial court was powerless to reconsider its previous order concerning disposal of the seized property. To the contrary, a trial court has inherent power to vacate an order that was obtained without compliance with due process and procedural concerns. See Logsdon v. Nichols (1995), 72 Ohio St.3d 124,127. In this case, the disposal order was subject to being vacated because it was obtained without notice and an opportunity for a hearing and was contrary to statutory provisions governing forfeiture of property seized by law enforcement officials. Under R.C. 2933.41 (C), Owens did not lose his right to possess the seized property unless:
 (1) the property was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and the person is a conspirator, accomplice, or offender with respect to the offense.
 (2) A court determines that the property should be forfeited because, in light of the nature of the property or the circumstances of the person, it is unlawful for the person to acquire or possess the property.
Under this statute, a person may lose his right to recover property even without a conviction for an underlying criminal offense. State v. Blount (June 12, 1991), Summit App. No. 14898, unreported. However, the court must first find by preponderance of the evidence that the property is contraband. Id. See, also,State v. Ali (1997), 119 Ohio App.3d 766, 768 (in forfeiture proceeding, state bears burden of proving that seized property is contraband by preponderance of evidence). In this case, there was no such finding and therefore no basis for the court to order the disposal of the illegally-seized property. See State v. Burrell
(1991), 71 Ohio App.3d 507, 509 (absent finding that property was contraband, defendant entitled to have property returned when criminal charges dismissed)
We find no error in the municipal court's decision to grant the Crim.R. 12 (F) motion and reverse a prior disposal order that would have effected a forfeiture that was contrary to due process, criminal procedure, and statute. The fourth assignment of error is overruled.
 VI.
In the fifth assignment of error, the Department contends that the trial court erred in allowing testimony concerning the value of the illegally-seized property during a hearing on Owens' motion for return. In disposing of the first assignment of error, however, we held that the municipal court erred in ordering the Department to pay any monetary sum to Owens in lieu of returning the property because such an order was beyond its jurisdiction. Our disposition of the first assignment thus renders the fifth assignment of error moot and we therefore decline to address it. See App.R. 12 (A) (1) (c).
 VII.
We conclude that the municipal court had jurisdiction to consider the motion for return of the seized property filed by Owens and his housemates. Further, we find no merit to the Department's contentions that Owens lacked standing to file the motion for return. The municipal court overstepped its jurisdiction, however, by further ordering the Department to pay $317 to Owens should it not return the property within the amount of time specified in the order. We therefore reverse that portion of the order requiring the Department to pay the specified sum in lieu of returning the property. In all other respects, we affirm the judgment of the trial court.
AFFIRMED IN PART AND REVERSED IN PART.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
For the Court
 BY: ________________________ William H. Harsha, Judge
[1] Specifically, the court ordered the Department to return fourteen beer kegs, two beer taps, a large blue tub, and a beer bong.
[2] Crim.R. 12 (F) states: "Where a motion to suppress tangible evidence is granted, the court upon request of the defendant shall order the property returned to the defendant if the defendant is entitled to possession of the property."
[3] A violation of R.C. 4301.69 (B), the only offense for which the various defendants were charged, is a misdemeanor. See R.C.4301.99 (I).
[4] The trial court expressly chose not to proceed on Owens' motion for contempt. Had the court proceeded and found the state in contempt for failing to comply with its order to return the property, it could have ordered payment of a sum of money as a sanction or as a means of purging the contempt. Moreover, there is nothing preventing Owens from re-filing his motion upon remand in an effort to force the appellant to comply with the court's order or to face sanctions for noncompliance.
[5] The text of the second assignment of error appears to raise an additional issue concerning the municipal court ordering the Department to pay "money damages" in lieu of returning the property to Owens. The Department's brief, however, fails to separately argue this point as required by App.R. 16 (A). We note, however, that our disposition of the first assignment of error addresses the propriety of the court's attempt to impose a damage award.
[6] For these reasons, we have not captioned this case in the same manner as the parties. The parties have captioned the case designating the Department as a "new-party defendant." As an agency of the state, however, the Department is neither a "new party" nor a "defendant." Accordingly, we have designated the state simply as the "appellant."
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.