BLENHEIM HOMES, INC., APPELLEE, *v.* MATHEWS ET AL., APPELLANTS.*

---

*Motion to certify the record overruled (38202), October 2, 1963.

(No. 6987—Decided February 19, 1963.)

*Messrs. Rose, Young & Yearling*, for appellee.
*Mr. Guy R. Martin*, for appellants.

DUFFEY, J.  This is an appeal from a judgment of the Common Pleas Court of Franklin County reversing the Municipal Court of Columbus.  The suit was for forcible entry and detainer, and for rent.  The Municipal Court decided in favor of the defendant-appellant.  The Common Pleas Court reversed in favor of the plaintiff-appellee.

The petition merely alleges unlawful detention since August 1, 1961, alleges that the defendant is a purchaser under a land contract with plaintiff-appellee, and alleges default under the contract.  A second cause of action alleges that there is ''rent'' due at the rate of $106 per month (the amount of the contract monthly installment) from August 1, 1961, with interest at 8 per cent from that date.

The answer denies wrongful detention, admits late payment on two installments, offers to pay them and prays that the plaintiff be required to accept that payment.  On the second cause of action the answer alleges the amounts paid on the con-

tract, the value of improvements, that the house was not in proper condition and prays for judgment for $1,730. No motions were filed to any of the pleadings.

While the pleadings are obviously inept, the answer here amounts to the assertion of an equitable "defense" seeking affirmative relief and, therefore, constitutes a counterclaim. See Sections 2309.13, 2309.15 and 2309.16, Revised Code.

The equitable jurisdiction of the Municipal Court of Columbus is limited to that provided in Section 1901.18, Revised Code. Under that statute the Municipal Court has been granted equitable jurisdiction coextensive with that of the Common Pleas Court to fully deal with all aspects and claims which may arise in actions at law based upon contract. In the present case the plaintiff pleaded the contract in his petition. In doing so he anticipated the defense of a right to possession based on contract. The answer, in turn, partially anticipates the claim of forfeiture and cancellation of the contract by seeking to void the contract forfeiture provision, relying on the power of the court to grant equitable relief. Thus, in the pleadings and in the evidence the contract became a principal issue in the case. Under these circumstances we believe the provisions of Section 1901.18(C) became applicable, and the Municipal Court was vested with equitable jurisdiction to enforce all rights, legal and equitable, involved in the action.

Appellee agrees that the Municipal Court had equitable powers in this case. However, it contends that the only question in forcible entry and detainer is the right to possession. It further argues that, there being a forfeiture clause and admitted default, it is entitled to judgment. Many cases so holding are cited. We think these cases distinguishable.

Proof of title would establish a prima facie case in forcible entry and detainer since, in the absence of anything else, the right to possession follows the title. If a land contract gives the right of possession to a purchaser, then the contractual right (or equitable title) becomes a complete defense. It is a complete defense for the simple reason that the purchaser-defendant has thereby shown his right to possession. Thus, when the land contract was injected into this case, the issue became one of determining whether the defendant-appellant had the right to possession under the contract and on the facts.

If the trial court had *lacked* equitable jurisdiction, the contractual right to possession could only be determined on the face of the contract—relying on basic principles of contract law. The limited jurisdiction of such a lower court would necessitate duplication and circuity of action. The doctrines which permit relief against forfeiture, by voiding and rendering unenforceable contract provisions which constitute a penalty, are equitable in nature. Such relief previously had to be obtained by proceedings in a court of general jurisdiction (Common Pleas). This explains many of the earlier Ohio cases, and more recent cases involving the County Courts. See, for example, *Martin v. Bircher* (1933), 46 Ohio App., 239, and *State, ex rel. Jenkins, v. County Court of Hamilton County* (1961), 114 Ohio App., 231.

However, the Municipal Court's equitable jurisdiction distinguishes this case from those where no such jurisdiction exists. The court here had the power to make, and the defendant-appellant was entitled to, a determination of whether the vendor was on the facts working such a forfeiture as warranted equitable relief. If so, then the court could void the forfeiture and cancellation. With these provisions unenforceable, the contract would remain valid and binding, giving the right to possession to the defendant and, therefore, a complete defense. In other words, where the court has equitable jurisdiction, the determination of the existence of a contractual right to possession is not limited to the face of the contract. Such a court may inquire into the validity and enforceability of the provisions.

In view of the broader authority of the Municipal Court under Section 1901.18, Revised Code, the Common Pleas Court reversal can only be upheld if the finding by the Municipal Court of an inequitable forfeiture was against the manifest weight of the evidence. The contract was executed March 18, 1960. The purchaser paid $1,150 down, leaving a balance of $14,250. The contract required him to assume the taxes due December 20, 1959, and he has apparently paid three semi-annual tax bills amounting to approximately $219. Installments of $106 each were paid through July 1962, or approximately another $1,590. A few minor improvements have been made.

Appellee charges that the fire insurance was allowed to lapse and that it received a notice of policy cancellation. The testimony is that the notice was received prior to September 21,

48

1962. Since the policy did not expire until that date, appellee must be referring to a notice of *intent* to cancel. However, the purchaser proved that he bought a policy with a different company, with the premium paid and for a term commencing September 21, 1962. Nothing in the contract requires anything more than that.

Appellant did not pay the August and September installments on time. On September 21 he tendered payment in full with increased interest at 8 per cent and all other amounts for which he was liable under the contract. The trial court could take into account the uncontroverted fact that the purchaser had been stricken, hospitalized and off work due to his illness in July and August, and that his wife had also been laid off her job.

Simple contract law has always distinguished between a material breach and an immaterial breach. A man may breach his contract but that does not necessarily void the contract or excuse performance by the other. If the breach is immaterial, the contract is still enforceable although subject to damages. In the present case we are dealing with a breach in the form of delayed payment of two installments. Interest is ordinarily an adequate measure of damages for the failure to pay money when due. The vendor here was tendered 8 per cent interest.

Appllee relies heavily upon the provisions for forfeiture in the contract. It is exactly such contract provisions against which equity grants relief. Where any provision of a contract (be it time of the essence, express forfeiture or both) operates as an unreasonable penalty, equity will declare it void as against public policy. Subject to the court's sound discretion, the relief granted may be to balance the equities or to decree a right to redeem. The contract provisions are, of course, factors to be considered together with all the other circumstances in determining whether an unreasonable penalty exists.[*]

---

[*]A land contract such as that here is in all actuality a security transaction exactly as is the mortgage. Centuries ago, the courts stopped "weighing the circumstances" in mortgage cases. They dealt with the problem of forfeiture and clearance of title by developing the law of redemption and foreclosure, all to the great benefit of the courts, the parties and justice. Such a solution would avoid much of the litigation over "rights" and "circumstances" in land contract cases. Unfortunately, neither the courts nor the Legislature have yet adopted it.

In our opinion, the determination of the trial court was supported by sufficient evidence. Accordingly, the Common Pleas Court could not substitute its view of the equities for that of the lower court. The Municipal Court judgment denying forcible detainer was, therefore, proper, and that of the Common Pleas was erroneous.

Defendant-appellant paid into court the amounts due and the judgment orders this paid to the vendor-plaintiff. The contract contains no general accelleration provision. Accordingly, redemption required only the payment of that amount.

The second cause of action was for rent. In view of the judgment in the first cause of action, it necessarily follows that there was no "rent" due but rather only installments under the contract. It should be observed that even if cancellation and forfeiture had been allowed, the liquidated damage clause in the contract would have no application to the recovery of the value of the use of the property after the contract has been canceled. Nor could there be reliance on a canceled contract to justify a recovery of 8 per cent interest on rent from the date of cancellation.

The judgment of the Common Pleas Court will be reversed, that of the Municipal Court affirmed, and the cause remanded for further proceedings according to law.

*Judgment reversed.*

DUFFY, P. J., and BRYANT, J., concur.