STETHEM BUILDERS, INC., APPELLEE, *v.* GREEN ET AL., APPELLANTS.

[Cite as Stethem Builders, Inc., v. Green, 4 Ohio App. 2d 113.]

114

*Mr. Carlisle O. Dollings,* for appellee.
*Mr. James M. McCord,* for appellants.

Duffey, J. This is an appeal from the Columbus Municipal Court by a purchaser under a land contract from a judgment rendered for the seller, appellee herein.

The action was filed on October 19, 1962. The petition alleges: (1) Title to the property, (2) execution of a contract of sale, (3) terms of payment, (4) default in payment, (5) that the contract provided the seller a right to terminate upon default and retain all payments as damages, (6) notice of termination, (7) notice to leave the premises, and (8) that the defendants, appellants herein, unlawfully and forcefully held possession.

The prayer of the petition states:

"Wherefore, plaintiff prays for an order in judgment and decree that said contract be forfeited and terminated; that the possession of said premises be immediately restored to this plaintiff; that the defendants be forever barred from asserting any right, title or interest in said real estate; that plaintiff be awarded all payments on said contract as liquidated damages, and for such other and further relief to which it may be entitled in law or in equity."

A praecipe for summons at the end of the petition states that the summons should be endorsed, "Action for cancellation of land contract, possession of premises and equitable relief." The actual summons issued is a standard forcible entry and detainer type, setting October 26, 1962, for trial. No answer was filed. The court proceeded to hear the case on October 29, 1962. The order on the court's half-sheet contains a number of findings. Its operative portion gives judgment for possession

and costs, adjudges and decrees the contract forfeited and terminated and awards the plaintiff all payments made as liquidated damages.

An action for forcible entry and detainer is statutory, is summary, is special and is limited. The *summary* procedure of the statutory action for forcible entry and detainer is confined to that action only. The appellants could not be subjected to a summary proceedings in this case. Where the cause of action and the relief go beyond the mere restitution of possession, the suit must be treated as an ordinary civil action, subject to the usual rights and time for answer, etc. The failure to accord the appellants here the full rights of a civil litigant was error.

The petition here is obviously not just one for forcible entry and detainer. It is in equity for cancellation of a contract, the award or confirmation of liquidated damages, and, incidentally, for possession. The Columbus Municipal Court has no original jurisdiction of equitable actions for cancellation of a land contract. Under Section 1901.18, Revised Code, the court has full equity powers to enforce all rights incidental to "any action *at law* based on contract." See *Cenci* v. *Issenmann, Bishop,* 120 Ohio App. 99. Much of what was attempted in this action might be accomplished in a different manner under certain circumstances. However, the equitable jurisdiction of the Municipal Court must be predicated upon an allegation in an appropriate pleading which brings the action within Section 1901.18 (C), Revised Code. See *Blenheim Homes, Inc.,* v. *Mathews,* 119 Ohio App. 44. However, whether or not the jurisdictional distinctions applicable to the Municipal Court are desirable, the Legislature has established them. Accordingly, in our opinion, the Municipal Court had no jurisdiction to entertain this proceeding.

The judgment of the Municipal Court will be reversed and vacated and the case remanded for dismissal or other proceedings according to law.

*Judgment reversed.*

Duffy, P. J., and Troop, J., concur.