JOHNSON, Exr., Appellee,

v.

MIDDLETON, Exr., Appellant.

[Cite as *Johnson v. Middleton* (1989), 66 Ohio App.3d 783.]

Court of Appeals of Ohio,
Marion County.

No. 9–87–18.

Decided July 14, 1989.

*Daniel E. Shifflet,* for appellant.
*J.C. Ratliff,* for appellee.

---

EVANS, Presiding Judge.

This is an appeal from a judgment in the amount of $6,482.96 granted by the Marion Municipal Court in favor of a land installment contract vendor and against a land installment contract vendee.

Emma Ralston, land installment contract vendor, and Delbert Darnell, land installment contract vendee, entered into a land installment contract on November 1, 1977. Since that date, both parties to the contract have died. This action was initiated in the Marion Municipal Court by Catherine Johnson, executor for the estate of Emma Ralston and defended by Stella Middleton, executor for the estate of Delbert Darnell.

The executor of the vendor filed a written claim with the executor of the vendee for the amount of $7,000, the amount claimed to be due under the contract. A copy of the land contract was attached to the claim. This claim was rejected by the executor for the vendee. The executor of the vendor filed suit demanding judgment in the sum of $7,000 with interest and costs.

The executor of the vendee responded with a motion to dismiss for the reason that the court lacked jurisdiction over the subject matter of the complaint and for the further reason that the complaint failed to state a claim upon which relief could be granted. The court overruled the motion to dismiss and the executor for the vendee filed an answer and counterclaim in which the lack of subject matter jurisdiction was again raised together with the further defense of failure to state a claim on which relief can be granted due to a failure to comply with the requirements of R.C. 2117.08. The matter was tried to the court whereupon a judgment in the amount of $6,482.96 was entered for the executor of the vendor.

An appeal was filed by the executor of the vendee with the following errors being assigned:

"The trial court erred by not dismissing appellee's complaint pursuant to Civ.R. 12(B)(1) for the reason that the trial court did not have jurisdiction over the subject matter of appellee's complaint.

"The trial court erred by not dismissing appellee's complaint pursuant to Civ.R. 12(B)(6) for the reason that appellee's complaint failed to state a claim upon which relief could be granted."

The complaint filed in this matter stated that a claim had been filed against the estate of the land installment contract vendee, that the claim was based on a land installment contract, that the claim had been rejected, that the claim was just and valid but it had not been paid, and that there was due to the plaintiff the sum of $7,000. There was no allegation that the land installment contract vendor had been damaged to the extent of $7,000. Thus, the suit was for the unpaid purchase price due under the land installment contract.

Appellant's brief attacks the complaint on the grounds that it really amounts to an action for specific performance of the contract, an equitable remedy which does not lie within the jurisdiction of a municipal court. We agree.

The purpose of the complaint is to require the vendee to pay over to the vendor the remaining purchase price due under the contract. If the court requires the vendee to pay the balance due, this will leave the title to the land and the full purchase price under the contract in the hands of the vendor. The remedy for this situation is an order from the court requiring the vendor to deed the subject property to the vendee. This, in effect, makes the action brought by the vendor one for specific performance. We note that the trial court, in the entry granting judgment for the vendor, also ordered the vendor to deed the subject property to the vendee, and failing that, the order authorizes the county recorder to accept a certified copy of the order as a

transfer of title and to record the same. Thus, we conclude that the remedy sought and the relief provided by the court was for the specific performance of the contract.

Appellee contends that R.C. 1901.18(C) gives a municipal court the jurisdiction to do what was done in this case.

The pertinent part of the statute reads as follows:

"1901.18 Jurisdiction of subject matter.

"Subject to section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory:

"(A) * * *

"(B) * * *

"(C) In any action at law based on contract, to determine, preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto[.]"

In our view this provision gives a municipal court equity powers to enforce equitable rights incidental to any action at law based on contract. See *Stethem Builders, Inc. v. Green* (1964), 4 Ohio App.2d 113, 33 O.O.2d 157, 212 N.E.2d 611. In this case, we have a resort to the equitable relief of specific performance rather than the use of equity powers incidental to an action at law based on a contract.

The appellee also relies on *Blenheim Homes, Inc. v. Mathews* (1963), 119 Ohio App. 44, 26 O.O.2d 142, 196 N.E.2d 612, in which the court stated:

"1. The equitable jurisdiction of Municipal Courts is limited to that provided in Section 1901.18, Revised Code, and such courts have jurisdiction to fully deal with all aspects and claims which may arise in actions at law based upon contract.

"2. Where, in a Municipal Court action, based upon a land contract, for forcible entry and detainer and for rent, the answer of defendant constitutes a counterclaim by asserting an equitable 'defense' seeking affirmative relief, such court is, pursuant to the provisions of Section 1901.18(C), Revised Code, vested with equitable jurisdiction to enforce all rights, legal and equitable, involved in such action."

We think the case offers no comfort to the vendor.

In this case, the vendor tried to plead her cause of action in terms of money due on a contract, thereby creating an action at law. In fact, the vendor initiated an action to require the vendee to perform under the contract. After

the vendee performed, the vendor, having received the contract price in full, would also be required to perform her part of the bargain by delivering an executed deed for the property in question. An equitable defense was not interjected into the case by the answer of the defendant. The relief sought in the complaint was equitable in nature and therefore not an incidental right to an action at law. Thus, we conclude that the essence of the action filed in the municipal court was an action for specific performance, an action in equity over which a municipal court has no jurisdiction. The first assignment of error has merit and is sustained.

■ Appellee also relies on R.C. 5313.04, which provides as follows:

"5313.04 Enforcement by vendee.

"Upon the failure of any vendor to comply with Chapter 5313. of the Revised Code, the vendee may enforce such provisions in a municipal court, county court, or court of common pleas. Upon the determination of the court that the vendor has failed to comply with these provisions, the court shall grant appropriate relief."

This section deals with the right of the vendee to require the vendor to comply with the requirements of R.C. Chapter 5313. Since the vendor was the plaintiff in the trial court, we do not see how this section can be used to support the vendor's position.

In the second assignment of error, the appellant contends that the complaint should have been dismissed because it did not state a claim upon which relief could be granted. The reason argued in appellant's brief in support of this assignment is a failure to comply with the requirements of R.C. 2117.08, which provides as follows:

"2117.08 Authentication of claims. (GC 10509–114)

"When a claim is presented against the estate of a deceased person, the executor or administrator may require satisfactory written proof in support of it and also the affidavit of the claimant that such claim is justly due, that no payments have been made thereon, and that there are no counterclaims against it to his knowledge. Such affidavit shall set forth any security held for the payment of said claim and, if the claim is not due, the date of maturity. If said claim arises out of tort, or if preference in payment is claimed, the facts in connection with the alleged tort or showing the right to such preference shall be briefly set forth."

The record discloses that a claim was filed against the estate of Delbert Darnell on December 17, 1984. The executrix of that estate, on December 20, 1984, requested authentication of the claim pursuant to R.C. 2117.08. Authentication was never provided. On January 16, 1985, the claim was rejected in

its entirety by the executor of the estate of Delbert Darnell.  On March 10, 1985, complaint was filed in municipal court.

■ The failure to authenticate the claim as provided in R.C. 2117.08 will not deny the claimant access to the courts to pursue the claim when the claim has been rejected by the executor.  R.C. 2117.12 allows a creditor two months after a rejection to bring his action on his claim or it will be barred.

We find the second assignment of error is not well taken, and it is overruled.

*Judgment reversed.*

MILLER and COLE, JJ., concur.

RALPH D. COLE, JR., J., retired, of the Third Appellate District, sitting by assignment.