894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James M. CARPENTER, Plaintiff-Appellant,
v.
Ken A. DALRYMPLE, Postmaster, and individually, US Post
Office; Richard Bice, PR to Postmaster, and individually,
US Post Office; Gene A. Joseph, Mayor of Lima, Ohio, and
individually; Chester C. Cary; Functional Development,
Inc., Defendants-Appellees.
 No. 89-3620.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James M. Carpenter, a pro se Ohio resident, appeals the district court's dismissal of his action to quiet title (adverse possession) which was removed from the Municipal Court of Lima, Ohio to the district court pursuant to 28 U.S.C. Secs. 1441, 1442, and 1446.
 
 
 3
 Seeking injunctive relief, Carpenter brought suit in the Lima (Ohio) Municipal Court alleging that defendants, through force and intimidation, were attempting to drive him from land and a building which he owns at 605 West High Street in Lima. Carpenter alleged that: (1) while making improvements on adjacent property, defendants had damaged the east side of the foundation of the building on his property; and (2) defendants were preventing the repair of the damaged foundation by interfering with his title, or easement, in the adjacent property which he claims to have acquired based upon adverse possession.
 
 
 4
 Subsequently, defendants removed the case to the district court. After a review of the record the district court dismissed the case due to a lack of subject matter jurisdiction. Thereafter, Carpenter filed a motion for reconsideration, and while that motion was pending, an untimely notice of appeal. The appeal was dismissed by this court. Following the denial of his motion for reconsideration, Carpenter filed a timely appeal in which he asserts the issues which were before the district court, and also an omnibus list of new grievances against defendants. Carpenter has also filed a motion seeking in forma pauperis status on appeal.
 
 
 5
 Upon review, we shall vacate the district court's judgment and remand this case for further consideration.
 
 
 6
 Initially, it should be noted that the new issues which Carpenter seeks to raise for the first time on appeal are not properly before this court and will not be reviewed. See Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988). Nonetheless, because the district court's determination that it lacked subject matter jurisdiction over Carpenter's claims is based upon an incomplete analysis of the case, we must remand the case for further consideration.
 
 
 7
 In determining that it lacked subject matter jurisdiction the district court correctly concluded that the Lima Municipal Court lacked jurisdiction over Carpenter's claims because they were actions in equity for possession of real property. See Ohio Rev.Code Ann. Secs. 1901.18, 1907.04, 1907.05 (Anderson 1988); Stethem Builders, Inc. v. Green, 4 Ohio App.2d 113, 115, 212 N.E.2d 611, 612 (Ohio Ct.App.1964). Based upon that conclusion, the district court applied the principle of derivative jurisdiction, and concluded that since the state court from which the case was removed had no jurisdiction then the federal court did not receive jurisdiction. See Federal Nat'l Mortgage Ass'n v. LeCrone, 868 F.2d 190, 192 (6th Cir.), cert. denied, 110 S.Ct. 335 (1989). However, the district court failed to consider the effect of 28 U.S.C. Sec. 1441(e) which overruled the doctrine of derivative jurisdiction in "civil actions" commenced in state court after June 19, 1986. See 28 U.S.C. Sec. 1441(e); Chivas Products Ltd. v. Owen, 864 F.2d 1280, 1286 (6th Cir.1988). In this instance, Carpenter's municipal court action was commenced after the effective date of the statute. Thus, the fact that the Lima Municipal Court lacked jurisdiction over Carpenter's claims, standing alone, is insufficient to deprive the district court of subject matter jurisdiction over Carpenter's action.
 
 
 8
 Accordingly, the motion for informa pauperis status on appeal is granted, and the district court's judgment is hereby vacated and the case remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.