[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case comes before this court on appeal from a judgment of the Bowling Green Municipal Court. The municipal court, after a trial to the bench, found in favor of appellee, The Williamsburg Association, and ordered appellant, Elizabeth White, to mow her property at least four times per year pursuant to the terms of a settlement agreement. In the event she failed to mow the property, the court granted appellee the right to have the property mowed at appellant's expense. Appellant was also ordered to pay appellee $153 for the cost of mowing done during the pendency of this case and to pay the association $900 in court costs and attorney fees.
Appellant appeals that judgment and asserts the following errors occurred in the proceedings below:
 "I. THE TRIAL COURT ERRED TO PREJUDICE OF APPELLANT IN HEARING THE CASE AT ALL. THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION."
 "II. THE TRIAL COURT ERRED TO PREJUDICE OF APPELLANT IN THAT THE JUDGMENT AGAINST THE DEFENDANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO THE LAW BECAUSE IT FAILED TO PROPERLY APPLY THE FACTS TO REACH THE JUDGMENT."
For the following reasons, we find appellant's first assignment has merit and reverse the judgment of the municipal court.
The question of whether a court has subject matter jurisdiction cannot be waived and can, therefore, be raised, either by the parties or by the court, sua sponte, on appeal.State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543.
Municipal courts are courts of limited jurisdiction and, as such, can only exercise those powers conferred by statute.Bretton Ridge Homeowners Club v. De Angelis (1985), 22 Ohio App.3d 65,67. The statute conferring these powers is R.C.1901.18, which provides, in material part:
 "(A) Except as otherwise provided in this division or section 1901.181 [1901.18.1] of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:
"* * *
 "(3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the con tract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract; * * *."
In interpreting R.C. 1901.18(A)(3), Ohio courts have held that a municipal court may exercise its equity powers only as an incident to an action on a contract. Johnson v. Middleton
(1989), 66 Ohio App.3d 783, 786; Bretton Ridge Homeowners' Club v.De Angelis, 22 Ohio App.3d at 68; Pappas v. T.V.C. Developers
(March 4, 1993), Cuyahoga App. No. 61917, unreported. See, also,Behrle v. Beam (1983), 6 Ohio St.3d 41.
Thus, the issue presented here is whether the cause of action filed by appellee presents an "an action at law based on contract." For the purpose of resolving that issue, this court must determine the nature of appellee's claim by considering the allegations in the pleadings, the issues tendered and the prayer of the complaint Pappas, supra, citing National City Bank v.Fleming (1981), 2 Ohio App.3d 50, 53-54.
Appellee's complaint alleges: (1) the parties entered into a settlement agreement that included appellant's promise to mow her property four times per year; (2) the appellant refused to perform in conformance with the settlement agreement; (3) appellant's failure to mow her property was in violation of the deed restrictions for all property owners who are members of The Williamsburg Association; and (4) appellant was in contempt of an order of the Wood County Court of Common Pleas adopting the settlement agreement by failing to mow her property. Attached to the complaint is an unsigned judgment entry of the Wood County Court of Common Pleas incorporating the settlement agreement, a copy of the signed settlement agreement, a small claims magistrate's report awarding the association a judgment of one dollar against Elizabeth White as payment for the mowing of her property, and a judgment entry of the Bowling Green Municipal Court affirming the magistrate's report.
Appellee's prayer for relief asks the court to order appellant to mow her property four times per year or "as often as the State of Ohio cuts the adjoining Otsego Park" or, in the alternative, permit the association to mow the property and bill her for the cost. The prayer also asks the court to find appellant in contempt of the prior order of the Wood County Court of Common Pleas.
Considering these allegations and prayer for relief we find appellee's action is one for the specific performance of a settlement agreement. Actions for specific performance constitute actions in equity rather than law for the purpose of determining the statutory subject matter jurisdiction of municipal courts.Johnson v. Middleton, 66 Ohio App.3d at 786; Pappas,supra.
The fact that appellant was awarded $153 as re-payment for mowing appellant's property during the pendency of this case was the result of the action taken by the trial court after it assumed jurisdiction and is not part of the complaint. Further, a request for attorney fees and costs does not convert an equitable action into one at law. See Behrle v. Beam, 6 Ohio St.3d at 45.
Accordingly, we conclude the municipal court lacked the jurisdiction to consider the merits of appellee's complaint, and appellant's first assignment of error is found well-taken.
Appellant's second assignment of error is rendered moot by our disposition of the issue of subject matter jurisdiction.
The judgment of the Bowling Green Municipal Court is reversed. This cause is remanded to that court for vacation of its judgment. Appellee, The Williamsburg Association, is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.