OPINION
The plaintiff-appellant, Flora Helen Bowman ("appellant"), appeals the judgment of the Bellefontaine Municipal Court dismissing her prayer for injunctive relief for lack of subject matter jurisdiction. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. On December 17, 1998, the appellant entered into a lease agreement with the defendants-appellees, Edith and David Klingler ("appellees"). The appellees leased the appellant two lots upon which she could locate her mobile home. The lease agreement specifically stated that the appellant would pay no rental charges and would have and hold the two lots for and during her lifetime. However, the appellant was required to pay the real estate taxes on the land and pay for the water, natural gas, electric, and sewage hook up. On December 19, 1998, the appellees deeded a life estate in the two lots specified in the aforementioned lease to the appellant by Quit Claim Deed.
As there was no city water supplied to the lots in question, the appellant constructed a water line from a well located on the appellees' property. On or about January 25, 2000, during a period of intense cold, the exposed portion of the appellant's water line cracked and began to leak, resulting in a puddle of ice in the appellees' yard. In order to remedy the leak, the appellees' shut off the water supply valve to the appellant's home.
On February 8, 2000, the appellant filed a complaint for damages and injunctive relief in the Bellefontaine Municipal Court alleging that the appellees had breached the lease agreement and requested that water be restored to her residence. The appellant also filed a motion for a temporary restraining order and preliminary injunction. An emergency hearing was held on February 17, 2000 concerning the appellant's motion for temporary restraining order. The trial court found that no irreparable harm would result from failing to grant a temporary restraining order and therefore denied the appellant's motion.
On March 13, 2000, the trial court issued a Judgment Entry dismissing the appellant's prayer for injunctive relief for lack of subject matter jurisdiction.[1] The court retained jurisdiction over the remaining damages claim and a trial was held on this issue on May 10, 2000. The trial court found that the appellant had failed to establish by a preponderance of the evidence any claim for relief against the appellees and issued judgment for the appellees.
The appellant now appeals the trial court's decision of March 13, 2000, dismissing her claim for injunctive relief for lack of subject matter jurisdiction, asserting one assignment of error.
 Assignment of Error The court committed reversible error in ruling that it does not have subject matter jurisdiction to grant injunctive relief.
The appellant contends that the trial court erred in dismissing her claim for injunctive relief for lack of subject matter jurisdiction. The appellant cites the lease agreement between the parties as the contract upon which her claim is based and therefore, R.C. 1901.18(A)(3) specifically provides the municipal court has jurisdiction in this matter. For the following reasons, we disagree.
It is well-established in Ohio that a municipal court does not have the authority to grant equitable relief, except as delineated by R.C.1901.18(A)(3). Dudkeiwicz v. United Mobile Homes (Sept. 19, 1995), Marion App. No. 9-95-23, unreported; citing Johnson v. Middleton (1989),66 Ohio App.3d 783, 786. R.C. 1901.18(A) provides, in pertinent part:
 * * * [A] municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:
 (3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract.
The appellant contends that she is simply trying to enforce her rights under the contract, i.e. the lease agreement. However, the record in this matter clearly reveals that the lease agreement was superseded by the Quit Claim Deed filed two days after the lease agreement, granting the appellant a life estate in the property. As there was no contract in existence between the parties, the trial court correctly dismissed the appellant's claim for injunctive relief for lack of subject matter jurisdiction.
Accordingly, the appellant's sole assignment of error is not well taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 ___________________________ HADLEY, P.J.
SHAW and BRYANT, J.J., concur.
[1] The appellant filed a notice of appeal on April 26, 2000, appealing the trial court's dismissal of her claim for injunctive relief. However, this Court found that the judgment appealed from was not a final appealable order and dismissed the appeal for lack of jurisdiction.