OPINION
{¶ 1} Appellant Sharon Preece appeals the August 8, 2006, Journal Entry entered by the Fairfield County Municipal Court, which denied her requests to be designated as a party, to stay its order to euthanize the canine at issue, and to return the dog to her possession. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On March 14, 2006, Patrolman J. R. Marshall of the Lancaster Police Department filed a complaint against Chad E. Preece, appellant's son, for aggravated menacing, in violation of R.C. 2903.21; assault, in violation of R.C. 2903.13; and failure to insure a vicious dog, in violation of R.C. 955.22(E), arising from a December 13, 2005 incident, which involved a pit bull, named "Chopper", allegedly owned by appellant. The case was assigned No. 06CRB00548. Chad Preece was also charged with driving under FRA suspension in Case No. 06TRD00839. Chad Preece entered a plea of not guilty to both the criminal and the traffic charges at his arraignment on March 15, 2006.
 {¶ 3} The trial court scheduled a jury trial for July 20, 2006. At the State's request, the trial was continued until August 17, 2006. Chad Preece appeared before the trial court on August 7, 2006, and entered a plea of guilty to a first degree misdemeanor of no operator's license, in Case No. 06TRD00839. Pursuant to a plea agreement between Chad Preece and the State of Ohio, the trial court ordered the dog at issue in Case No. 06CRB00548 be euthanized.
 {¶ 4} Following the disposition of the case against her son, appellant filed a motion on August 8, 2006, asking the trial court to designate her as a party, to stay the order to euthanize the dog, and to return the dog to her possession as she was the actual owner of the animal. Via Journal Entry filed August 8, 2006, the trial court denied each branch of appellant's motion.
 {¶ 5} It is from this journal entry appellant appeals, raising as her sole assignment of error:
 {¶ 6} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY OVERRULING A MOTION FOR A HEARING TO ASSERT A PERSON'S CLAIM THAT SHE IS THE OWNER OF A DOG AND THAT THE DOG SHOULD BE RETURNED TO HER."
 {¶ 7} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 8} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 I {¶ 9} In her sole assignment of error, appellant contends the trial court erred in overruling her motion, in which she asserted a personal claim of ownership of the dog, and requested the return of the canine, without conducting a hearing thereon. We agree.
 {¶ 10} We find, under the unique facts and circumstances of this case, the notions of fundamental fairness and due process require the trial court to provide appellant as the alleged owner with interest in the dog an opportunity to be heard.
 {¶ 11} Appellant's sole assignment of error is sustained.
 {¶ 12} The judgment of the Fairfield County Municipal Court is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
Hoffman, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Municipal Court is reversed and the matter remanded to that court for further proceedings consistent with our opinion and the law. Costs assessed to appellee.