OPINION *Page 2 
{¶ 1} In appeal No. 06CAE110086, plaintiff-appellant John W. Ferron appeals the October 17, 2006 Judgment Entry of the Delaware County Court of Common Pleas which sua sponte transferred his complaint to the Delaware County Municipal Court. In appeal No. 07CAG020010, plaintiff-appellant John W. Ferron appeals the January 8, 2007 Judgment Entry of the Delaware County Municipal Court dismissing his complaint which had been transferred from the Delaware County Court of Common Pleas for want of prosecution. Defendants-appellees in both appeals are Fifth Third Bank, et. al.
 {¶ 2} This case presents the issue whether a common pleas court can transfer a case to the municipal court when the case includes a claim for injunctive relief. We find it cannot.
 STATEMENT OF THE CASE AND FACTS {¶ 3} On August 22, 2006, Appellant filed a complaint in the Delaware County Court of Common Pleas against appellees Fifth Third Bank and 9890 Brewster Lane, Inc. dba The Wedgewood Pub and Grill, for money damages, declaratory judgment and injunctive relief. Therein, Appellant alleged three separate causes of action seeking statutory relief under the Ohio Consumer Sales Practices Act (hereinafter "OCSPA"), R.C. 1345.01 et seq.
 {¶ 4} Appellant's complaint alleged he had used his debit card at appellee Wedgewood Pub and Grill and an electronically-printed receipt displayed the full sixteen-digit account number and full expiration date of his debit card in violation of the OCSPA. *Page 3 
 {¶ 5} On October 19, 2006, the common pleas court, sua sponte, transferred Appellant's case to the Delaware County Municipal Court because the largest judgment Appellant could obtain was $200.00. (See October 17, 2006 Judgment Entry). Appellant filed his Notice of Appeal from that judgment on November 15, 2006 (Appeal No. 06CAE110086).
 {¶ 6} In the interim, on October 27, 2006, the Delaware Municipal Court issued a Journal Entry/Magistrate's Decision directing Appellant to post a court cost deposit. Appellant refused to do so asserting he had already deposited court costs in the case transferred from common pleas court. On November 29, 2006, the municipal court magistrate issued a Journal Entry/Magistrate's Decision dismissing Appellant's complaint for want of prosecution.
 {¶ 7} Following objections by Appellant, the Delaware Municipal Court adopted the magistrate's recommendation to dismiss Appellant's complaint for want of prosecution on January 8, 2007. Appellant filed his Notice of Appeal from that judgment on February 6, 2007. (Appeal No. 07CAG020010).
 {¶ 8} As it relates to the judgment from the Delaware County Court of Common Pleas, Appellant assigns as error:
 {¶ 9} "I. THE DELAWARE COUNTY COMMON PLEAS COURT ERRED BY TRANSFERRING THIS CASE TO THE DELAWARE COUNTY MUNICIPAL COURT, WHICH LACKS JURISDICTION TO GRANT EQUITABLE RELIEF."
 {¶ 10} As it relates to the judgment from the Delaware Municipal Court, Appellant assigns as error: *Page 4 
 {¶ 11} "I. THE DELAWARE MUNICIPAL COURT ERRED BY DISMISSING PLAINTIFF'S CLAIMS FOR LACK OF PROSECUTION."
 {¶ 12} We begin with discussion of the common pleas court action as it originates first in time and its disposition impacts our disposition of the municipal court proceedings.
 {¶ 13} In paragraph D of Appellant's Prayer for Relief of his Complaint, Appellant sought equitable relief against Appellees, as follows:
 {¶ 14} "D. As to Plaintiff's First and Second Cause of Action, a permanent injunction barring Defendant's from hereafter violating R.C. § 1345.02(A)by issuing to any consumer an electronically-printed receipt that displays the expiration date of a consumer's credit card or more than the last five digits of the consumer's credit card account number."
 {¶ 15} R.C.1345.09(D) specifies injunctive relief as one of the available remedies for a violation of the OCSPA.[1] However, a municipal court does not have the authority to grant equitable relief, except as designated by R.C. 1901.18(A)(3) pertaining to enforcing legal and equitable rights based on a contract. Johnson v. Middletown (1989),66 Ohio App. 3d 783. Accordingly, we find the common pleas court's transfer effectively deprived Appellant of one of his statutory remedies which he specifically prayed for in his Complaint. We find such constitutes reversible error. *Page 5 
 {¶ 16} Appellant's assignment of error is sustained. The common pleas court's entry transferring the case to the municipal court is reversed and the case ordered transferred back to and reinstated in the Delaware County Common Pleas Court.
 {¶ 17} Having found the case was improperly transferred to the municipal court, we find it unnecessary to address the merits of Appellant's claim the municipal court abused its discretion by ordering him to deposit additional court costs. To avoid further concerns about possible res judicata or law of the case application to the municipal court action, we hereby order the judgment of the municipal court vacated and held for naught.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reason set forth in our accompanying Memorandum-Opinion, the October 17, 2006 Judgment Entry of the Delaware County Court of Common Pleas is reversed and the case ordered reinstated. Costs assessed to Appellees.
 JUDGMENT ENTRY
For the reason set forth in our accompanying Memorandum-Opinion, the January 8, 2007 Judgment Entry of the Delaware County Municipal Court is ordered vacated and the clerk of that court is ordered to transfer the case back to the clerk of the Delaware County Common Pleas Court. Costs assessed to Appellees.
[1] At oral argument, Appellees attempted to argue the statute itself confers equitable jurisdiction in the municipal court over this type of claim. Because Appellees did not argue this in their brief, nor in the trial court, we will not consider it. *Page 1