OPINION *Page 2 
{¶ 1} Appellant Sharon Preece appeals from the April 4, 2007, Findings of Fact and Conclusions of Law of the Fairfield County Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On March 14, 2006, Patrolman J.R. Marshall of the Lancaster Police Department filed a complaint against Chad E. Preece, appellant's son, for aggravated menacing in violation of R.C. 2903.21, a misdemeanor of the first degree, assault in violation of R.C. 2903.13, a misdemeanor of the first degree, and failure to insure a vicious dog, in violation of R.C. 955.22(E), also a misdemeanor of the first degree. The charges arose from a December 13, 2005, incident involving a pit bull named "Chopper." The case was assigned No. 06CRB00548. Chad Preece was also charged with driving under an FRA suspension in Case No. 06TRD00839. Chad Preece entered a plea of not guilty to both the criminal and the traffic charges at his arraignment on March 15, 2006.
 {¶ 3} The trial court scheduled a jury trial for July 20, 2006. At the State's request, the trial was continued until August 17, 2006. Chad Preece appeared before the trial court on August 7, 2006, and entered a plea of guilty to a first degree misdemeanor of no operator's license in Case No. 06TRD00839. Pursuant to a plea agreement between Chad Preece and the State of Ohio, the trial court ordered the dog at issue in Case No. 06CRB00548 to be euthanized.
 {¶ 4} Following the disposition of the case against her son, appellant filed a motion on August 8, 2006, asking the trial court to designate her as a party, to stay the *Page 3 
order to euthanize the dog and to return the dog to her possession as she was the actual owner of the animal. Via Journal Entry filed August 8, 2006, the trial court denied each branch of appellant's motion.
 {¶ 5} Appellant then filed an appeal. Appellant, in her appeal, argued that the trial court had erred in overruling her motion without conducting a hearing on the same. Pursuant to an Opinion filed on December 22, 2006, in State v. Preece, Fairfield App. No. 06-CA-46,2006-Ohio-7021, this Court reversed the judgment of the trial court and remanded the matter for further proceedings. In our Opinion, we found that "under the unique facts and circumstances of this case, the notions of fundamental fairness and due process require the trial court to provide appellant as the alleged owner with interest in the dog an opportunity to be heard." Id at paragraph 10.
 {¶ 6} A hearing was held before the trial court on March 9, 2007. The trial court, in its April 4, 2007, Findings of Fact and Conclusions of Law, found that it was undisputed that Chopper belonged to appellant's son on December 13, 2005, the date of the alleged failure to insure a vicious dog. The trial court further found that appellant did not make the trial court aware that she had an ownership interest in Chopper prior to her son's plea and sentencing hearing in August of 2006. The trial court, in its April 4, 2007, Findings of Fact and Conclusions of Law, stated, in relevant part, as follows:
 {¶ 7} "Undisputed is that the defendant [Chad Preece] claimed that Chopper was registered to him on the date of his plea and sentencing, August 7th, 2006. That Ms. Preece did not register Chopper until January 2007. This date was of course after her son's plea and sentencing hearing. The date of registering Chopper in her name was also after the decision of the Fifth District Court of Appeals was rendered. *Page 4 
 {¶ 8} "At no time prior to defendant's plea and sentencing hearing did defendant's mother make known to the Court that she had an ownership interest in Chopper.
 {¶ 9} "It would be interesting for this Court to consider the fate of Chopper if defendant had transferred ownership of Chopper after he was charged but prior to his sentencing. Fortunately, this Court does not need to answer this question because it finds that defendant owned Chopper at least until January, 2007 . . .
 {¶ 10} "This Court finds that the registration of an animal is the most significant fact when determining ownership of an animal. Ms. Preece had no standing to challenge this Court's August 7, 2006, order to euthanize Chopper." The trial court, in its April 4, 2007, Findings of Fact and Conclusion of Law, ordered appellant to pay the costs Fairfield County incurred in sheltering, feeding and keeping Chopper since August 7, 2006.
 {¶ 11} Appellant now raises the following assignment of error on appeal:
 {¶ 12} "THE TRIAL COURT ERRED IN ORDERING THE INTERVENOR/APPELLANT TO PAY THE COST OF SHELTERING, FEEDING, AND KEEPING THE DOG SINCE AUGUST 7, 2006."
 I {¶ 13} Appellant, in her sole assignment of error, argues that the trial court erred in ordering her to pay the costs of sheltering, feeding and keeping Chopper since August 7, 2006, the date of her son's plea and agreement to euthanize Chopper. We agree. *Page 5 
 {¶ 14} "Municipal courts are creatures of statute and have limited jurisdiction." State v. Cowan, 101 Ohio St.3d 372, 2004-Ohio-1583, 805 N.E.2d 1085 at paragraph 11. Although, as a general rule, a municipal court such as the Fairfield County Municipal Court is not a court of equity, there are specific situations when a municipal court may grant equitable relief. As noted by this Court in Ferron v. Fifth ThirdBank, Delaware App. Nos. 06CAE110086, 07CAG020010, 2007-Ohio-3094, "a municipal court does not have the authority to grant equitable relief, except as designated by R.C. 1901.18(A)(3) pertaining to enforcing legal and equitable rights based on a contract. Johnson v. Middletown (1989),66 Ohio App.3d 783". Id. at paragraph 15.
 {¶ 15} There is no statutory authority for the trial court's order requiring appellant to pay the costs of sheltering, feeding and keeping Chopper. Nor is there any case law that authorizes the trial court to assess such costs to appellant. While appellee maintains that, "in the interests of fairness and equity", appellant should be ordered to pay such costs, we note, as stated above, that the Municipal Court's equitable authority is limited to enforcing legal and equitable rights based on a contract. Because the Municipal Court's authority in this case is limited, we find that the trial court erred in ordering appellant to pay such costs. *Page 6 
 {¶ 16} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 17} Accordingly, the judgment of the Fairfield County Municipal Court is reversed.
Edwards, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is reversed. Costs assessed to appellee. *Page 1