LAUCH, APPELLEE, *v.* MONNING, APPELLANT.

(No. 10486—Decided July 22, 1968.)

*Mr. David Staadeker* and *Messrs. Weiland & Neman,* for appellant.

*Messrs. Lyons & Fries* and *Messrs. Lindhorst & Dreidame,* for appellee.

GUERNSEY, P. J.  This appeal is from a judgment of the Common Pleas Court of Hamilton County affirming a

judgment of the Cincinnati Municipal Court in favor of the plaintiff in a forcible entry and detainer action. The narrative bill of exceptions shows that notwithstanding the written lease of the premises provided for the payment of monthly rent installments in advance on the first day of each month (with a ten-day grace period), the rent check for April 1966 was twice returned for insufficient funds, the rent check for July 1966 was returned once for insufficient funds, the rent for August 1966 was not received until August 30, 1966, the rent for October 1966 was not received until October 25, 1966, the rent for November 1966 was not received until December 8, 1966, the rent for December 1966 was not received until January 5, 1967, the rent check for February 1967 arrived at plaintiff's residence about March 3, 1967, the rent check for March 1967 arrived at plaintiff's residence about March 31, 1967, and the rent check for April 1967 arrived at plaintiff's residence about April 4, 1967. Plaintiff had accepted all the late payments of rent prior to those for February, March and April 1967, and was out of the country when checks for these installments were received at his residence. Plaintiff returned these checks to the defendant on or about April 5, 1967, and without having given defendant any notice, other than the usual three days notice to vacate, filed his petition in forcible entry and detainer on April 14, 1967.

Summarizing defendant's assignments of error defendant claims that a course of dealing in accepting overdue rent had been established between the parties whereby the plaintiff had waived any right to claim forfeiture for late payment of the rent installments without giving the defendant advance notice of his intention to require strict compliance with the terms of the lease. That is the well settled law of Ohio. See *Bates & Springer, Inc.*, v. *Nay*, 91 Ohio Law Abs. 425, and *Milbourn* v. *Aska*, 81 Ohio App. 79, and authorities in each case cited. The undisputed evidence here establishes that the defendant was entitled to the protection of this rule of law.

Without assigning error, however, the plaintiff claims (1) that this would constitute an equitable defense not within the jurisdiction of the Municipal Court and (2) that since the defendant did not obtain leave to appeal to the

Common Pleas Court, as prescribed by Section 1923.12, Revised Code, that court should have dismissed the appeal and this court would have no derivative jurisdiction to reverse the judgment of the Municipal Court.

The claim of the plaintiff as to the equitable jurisdiction of the Municipal Court must be disposed of adversely to the plaintiff on the authority of *Blenheim Homes, Inc.,* v. *Mathews,* 119 Ohio App. 44 (motion to certify overruled in 38202, October 2, 1963), which decision we approve and follow to the extent here applicable. Plaintiff's action in forcible entry and detainer is based on a contract, the written lease, and in such event the Municipal Court has jurisdiction as provided in Section 1901.18 (C), Revised Code, "to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties" to such contract. Though an answer was not filed, none is required in a forcible entry and detainer action, and the defendant was not precluded from asserting such defenses as he may have.

Section 1923.12, Revised Code, is by its specific terms applicable to an appeal from a County Court to the Court of Common Pleas. Appeals from Municipal Court to the Court of Common Pleas are governed by the provisions of Section 1901.30, Revised Code, and in turn, in civil cases, by Sections 2505.01 to 2505.39, Revised Code. These sections do not require leave to appeal to be first obtained, and defendant was not required to do so.

The evidence controlling the issues being undisputed, the judgment of the Common Pleas Court affirming the judgment of the Cincinnati Municipal Court, which found for the plaintiff and ordered restitution of the premises, is reversed, and the cause is remanded to the Municipal Court with instructions to enter final judgment for the defendant dismissing the petition of the plaintiff at his costs.

*Judgment accordingly.*

HUNSICKER and DOYLE, JJ., concur.

GUERNSEY, P. J., of the Third Appellate District, HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.