NORTH ELECTRIC CO., APPELLEE, *v.* UNITED STEELWORKERS OF AMERICA ET AL., APPELLANTS.

(No. 1582—Decided August 31, 1971.)

*Messrs. Smith, Currie & Hancock, Mr. John M. Arnold, Mr. Larry Forrester, Mr. David Walker* and *Mr. Robert B. Spurlock,* for appellee.

*Messrs. Clayman, Jaffy & Taylor, Mr. Stewart R. Jaffy* and *Mr. Joseph Coyle,* for appellants.

WHITESIDE, J. This is an appeal upon questions of law from a judgment of the Court of Common Pleas of Craw-

ford County finding defendants, appellants herein, to be in contempt for a violation of a temporary restraining order and preliminary injunction issued by that court.

Appellants have assigned three assignments of error as follows:

"1. The Court of Common Pleas erred in finding the defendants guilty of contempt when it did not by journal entry set any amount for bond for the temporary restraining order.

"2. The Court of Common Pleas erred in finding the defendants guilty of contempt when it did not set any amount for bond for the preliminary injunction and no bond was posted.

"3. The Court of Common Pleas erred in finding the defendants guilty of contempt when mandatory requirements of Rule 65 were not followed."

An ex parte temporary restraining order was issued by the trial court on September 16, 1970, upon motion of the plaintiff, appellee herein. A hearing was fixed for September 23, 1970, for determination as to whether a preliminary injunction should issue. Such hearing was held, and on that date the Court of Common Pleas issued a preliminary injunction. Neither the temporary restraining order nor the preliminary injunction contained any statement fixing the amount of the required bond, or even referred to such a bond. Appellee deposited with the clerk of the Court of Common Pleas the sum of $1,000 in lieu of bond at the time of issuance of the temporary restraining order. The only reference in the record is a notation on the appearance docket as follows:

"1970 Sept. 16 Temporary restraining order filed. Jol. Vol. 85, Page 60.

"1970 Sept. 16 Notice filed.

"1970 Sept. 16 Bond for injunction filed 9/16/70 Temp. Inj. granted as prayed for——Bond fixed in the amount of $1,000.00."

At the contempt hearing we find the following statement of the trial court:

"The Court: Well, the court did fix it. The court fixed

it. As I remember, they asked me the size of the bond and they said, 'Will a cash bond be all right?' and I fixed a thousand dollars.

"Mr. Jaffy: I see. When I looked through the records I could find no order on that temporary restraining order.

"The Court: I don't know if there is a piece of paper in there, but they asked me and I told them whatever bond was given in the other strike cases would be the same bond here, which was a thousand dollars, and which they filed. I assume you filed it. I didn't know whether it actually was paid in, but if it has been, why—

"Mr. Jaffy: I think—

"The Court: I don't know if there's a written order here. She may have, you know, the form of a bond out there. You know they have a form of a bond like a divorce case where you give cash.

"Mr. Spurlock: Yes. I remember your fixing the bond at a thousand dollars because I couldn't furnish it until I found out how much it was. * * *"

Civil Rule 65(C) provides, in part, that:

"No temporary restraining order or preliminary injunction is operative until the party obtaining it gives a bond executed by sufficient surety, approved by the clerk of the court granting the order or injunction, in an amount fixed by the court or judge allowing it, to secure to the party enjoined the damages he may sustain, if it is finally decided that the order or injunction should not have been granted.

"The party obtaining the order or injunction may deposit, in lieu of such bond, with the clerk of the court granting the order or injunction, currency, cashier's check, certified check or negotiable government bonds in the amount fixed by the court."

"* * * *"

The syllabus of State, ex rel. Indus. Comm., v. Day (1940), 136 Ohio St. 477, reads as follows:

"1. A court of record speaks through its journal. (Paragraph 1 of the syllabus in the case of Will v. McCoy, 135 Ohio St., 241, approved and followed.)

"2. The requirements of this rule are not met by a mere written minute or an oral pronouncement by a court or judge without the preparation and filing of a journal entry."

In *Industrial Commission* v. *Musselli* (1921), 102 Ohio St. 10, it is stated, at page 15:

"It is a familiar rule that the court speaks only through its journals. Were the rule otherwise it would provide a wide field for controversy as to what the court actually decided. Not only would the features of the decision be left in doubt as between the parties to the suit, but as a *lis pendens* it might seriously affect the rights of others who had not been made parties thereto. * * *

"What is meant by the word 'decision' found in Section 11578, General Code? Is it the oral pronouncement of the judge, made from the bench, or is it rather the more deliberate decision of the court speaking through its journal entry? How can it be said that these remedial statutes are liberally construed in the interest of substantial justice if the parties to the suit are relegated, for information, not to the entries made by the court, but to an oral decision made at the caprice of the judge and possibly in the absence and without the knowledge of counsel in the case?"

These decisions were predicated in part upon former R. C. 2323.01 and 2323.22 which have been superseded by the Civil Rules, specifically Civil Rules 54(A) and 58. There is no indication in the Civil Rules that the principle that a court of record speaks through its journal has been abolished. Civil Rule 65(C) requires that the amount of the bond be fixed by the court. Such amount is not so fixed until it is reflected in a journal entry. The appearance docket is not the journal of the court and an entry by the clerk on the appearance docket that the bond has been fixed without specifying by whom, and not supported by any paper or writing in the file, does not meet the requirement that a court of record speaks only through its journal.

Appellee concedes that no bond was fixed or posted with respect to the preliminary injunction. However, ap-

pellee contends that the bond posted for the temporary restraining order automatically carries over with regard to the preliminary injunction and therefore meets the requirement of Rule 65(C). Even if a proper bond had been posted with respect to the temporary restraining order, it would not automatically constitute the required bond with respect to the preliminary injunction. Civil Rule 65(C) is essentially similar to Federal Rule 65(c). With regard to the federal rule, in *Steinberg* v. *American Bantam Car Co.* (C. A. 3, 1949), 173 F. 2d 179, it was held that the liability under a bond given pursuant to a temporary restraining order cannot be carried over to cover possible liability under a preliminary injunction. Rule 65(C) specifically provides that no preliminary injunction is operative until a bond in the amount fixed by the court is posted. It is conceded that the court neither fixed the amount of such a bond nor required such a bond and none was posted. A bond posted pursuant to a temporary restraining order cannot carry over to cover a subsequently issued preliminary injunction unless it is specifically ordered by the court that the bond be fixed in the same amount and that the bond, or deposit, previously posted shall continue to cover the preliminary injunction. This was not done in this case.

The fifth and sixth paragraphs of a syllabus of *In Re Cattell* (1945), 146 Ohio St. 113, read as follows:

"5. Where a proper bond has not been given under Section 11882, General Code, a court or judge thereof is without jurisdiction to punish for a breach of an injunction issued pursuant to Section 11876, General Code.

"6. Where the statutory law of the state prescribes the terms and conditions under which an order of the Court of Common Pleas may become effective and further prescribes the punishment for a violation of such order, if effective, neither the chapter of the General Code, Section 12136 *et seq.*, pertaining to contempt, nor the inherent right of the court to enforce its orders may be invoked."

Civil Rule 65(C) specifically provides that neither a temporary restraining order nor a preliminary injunction

is operative until the party obtaining it gives a bond, or deposit in lieu thereof, in an amount fixed by the court. Since no such bond was given with regard to either the temporary restraining order or the preliminary injunction, in compliance with Civil Rule 65(C), we must conclude that the trial court was without jurisdiction to punish for a breach of either the temporary restraining order or the preliminary injunction. Both the first and second assignments of error are well taken.

By their third assignment of error appellants contend that certain other mandatory requirements of Civil Rule 65 were not complied with in the issuance of the temporary restraining order and preliminary injunction. The temporary restraining order did not define the injury or state why it was irreparable nor did it state why the order was granted without notice. The preliminary injunction did not set forth the reasons for its issuance.

The only statement in the temporary restraining order in this regard was the first two paragraphs, reading as follows:

"This cause was heard on the 16th day of September, 1970, ex parte, upon the complaint and upon evidence adduced by the plaintiff.

"Upon consideration of said complaint and said evidence, the court finds that a temporary restraining order should be granted in this case, and that the plaintiff is entitled to the same as prayed for in the petition."

Civil Rule 65(A) provides in part that:

"Every temporary restraining order granted without notice shall be filed forthwith in the clerk's office; shall define the injury and state why it is irreparable and why the order was granted without notice * * * ."

Appellee contends that these requirments are met by the allegations of the complaint, which are referred to in the order. The order does indicate that it was granted upon consideration of both the complaint and evidence. The temporary restraining order does not define the injury or state why the injury is irreparable; also such order in no way states why the order was granted without notice. Good

reasons for issuance of the temporary restraining order without notice may well have existed, and the court, in its discretion, could have found the allegations of the complaint to meet this requirement. However, the court did not comply with the provisions of Rule 65(A), set forth above.

The issue before this court, therefore, is whether or not these requirments of Rule 65(A) are mandatory or merely directory. We conclude that they are mandatory. To hold otherwise would give little meaning to the requirements that a temporary restraining order granted without notice must define the injury and state why it is irreparable and why the order was granted without notice. The language of the rule is mandatory, and the trial court erred in failing to comply therewith.

Civil Rule 65(D) provides in part that:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained * * *."

No reasons for issuance of the preliminary injunction were set forth therein, the only statement therein in this regard being:

"This cause came on for hearing on the application for a preliminary injunction and the court finds that the preliminary injunction should issue."

It was error for the trial court to fail to set forth the reasons for the issuance of the preliminary injunction.

Civil Rule 61 requires that error must be disregarded unless it is inconsistent with substantial justice, or affects the substantial rights of the parties. Both the temporary restraining order and the preliminary injunction specifically set forth the acts to be restrained. There is no specific provision rendering a temporary restraining order or preliminary injunction inoperative unless the above-quoted provisions of Civil Rule 65(A) and (D) are complied with. Appellants have pointed out no prejudice to

them resulting from the failure of the trial court to include in the temporary restraining order a statement defining the injury and stating why it was irreparable and why the order was granted without notice. Nor have they pointed out any prejudice resulting to them from the failure of the trial court to set forth in the preliminary injunction the reasons for its issuance. We therefore conclude that the failure of the trial court to comply with Civil Rule 65(A) and (D) was not prejudicial error. The third assignment of error is overruled.

For the following reasons, the judgment of the Court of Common Pleas of Crawford County is reversed.

*Judgment reversed.*

GUERNSEY, J. (Presiding), and COLE, J., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting by designation in the Third Appellate District.