COLQUETT v. BYRD.

(No. 79-CV-H-797—Decided March 12, 1979.)

Mansfield Municipal Court.

*Mr. Robert H. Bonthius, Jr.,* for plaintiff.
*Mr. Charles T. Robinson,* for defendant. .

RADER, J.
*A. Preliminary Statement.*

This is a "landlord-tenant" action falling within the framework of R. C. Chapter 5321. Plaintiff filed a complaint for damages and injunctive relief on February 21, 1979. This court granted an *ex parte* temporary restraining order on the same day, pursuant to Civ. R. 65 (A). Defendant filed an answer on March 1, 1979. On March 1, 1979, the matter came on for hearing on plaintiff's motion for a preliminary injunction.

*B. Factual Allegations.*

Plaintiff's verified complaint, motions and affidavits allege that, as defined in R. C. 5321.01, he is a "tenant," that defendant is his "landlord," and that the parties have entered into a "rental agreement." Plaintiff further alleg-

es that the defendant has terminated the utility services to his "residential premises" and that the defendant has excluded him from the premises, in violation of R. C. 5321.-15. Plaintiff also alleges that the premises is unsafe and unhealthy in violation of R. C. 5321.04. Plaintiff has sought injunctive relief against the alleged violations of R. C. 5321.15, and damages under R. C. 5321.12.

By way of his answer, defendant has admitted being a "landlord," but denies the other factual allegations.

### C. Issues Presented.

Two issues of law have been raised for determination. First, does the Mansfield Municipal Court have the jurisdiction to enjoin the alleged violation of R. C. 5321.15? Second, does the court have the authority to allow such an injunction without requirement of a bond? For the following reasons, both questions must be resolved in the affirmative.

### D. Discussion: Injunction Issue.

In Ohio an agreement between landlord and tenant for the use and occupancy of a residential dwelling is a contract subject to the application of contractual rights and remedies. Ohio courts have long applied contractual principles to rental agreements. *E. g., Lauch* v. *Monning* (1968), 15 Ohio App. 2d 112, 239 N. E. 2d 675; *Cook* v. *Village of Paulding* (1965), 207 N. E. 2d 405. See also, R. C. 5321.01 (D).

Part and parcel of the contract theory is the principle that the contract between landlord and tenant must be read, or construed, in light of the statutes and ordinances in effect at the time and place of making. The general rule applicable in Ohio is that the law of the place of the making will be implied as a term of the contract. *E. g, Holbrook* v. *Ives* (1886), 44 Ohio St. 516, 9 N. E. 228; *Eastern Machinery Co.* v. *Peck* (1954), 161 Ohio St. 1, 117 N. E. 2d 593. See, also, 11 Ohio Jurisprudence 2d 410-413, Contracts, Section 163.

Thus, specifically with regard to rental agreements, the standards established by local building, housing, and health codes, in existence at the time of the making of the

agreement enter into and become a part of the contract. *Glyco* v. *Schultz* (1972), 289 N. E. 2d 919; *Stackhouse* v. *Close* (1911), 83 Ohio St. 339, 94 N. E. 746; *Rose* v. *King* (1892), 49 Ohio St. 213, 30 N. E. 267.

More particularly, it is clear that the various rights and obligations established by R. C. Chapter 5321, "Landlords and Tenants," are implied in all rental agreements. The most recent statement of this principle was given by the Cuyahoga County Court of Appeals in *Laster* v. *Bowman* (1977), 52 Ohio App. 2d 379. The court stated, at 382:

"The Ohio legislature adopted R. C. Chapter 5321, entitled Landlords and Tenants, which became effective November 4, 1976. This new law, which establishes various rights and obligations between landlords and tenants in the state of Ohio, now governs the relationship between such parties with regard to rental agreements on residential premises. * * * These rights, obligations and remedies encompassed by the statute became part of the rental agreement between a landlord and tenant.

Thus defined, a rental agreement must be read to include R. C. 5321.01 (D), .04, .05, .12, .13, .14 and .18, as well as additional terms agreed upon by the parties. Although, as suggested by *Laster,* and as provided by R. C. 5321.06, R. C. Chapter 5321 supercedes any terms which are inconsistent with R. C. Chapter 5321 or any other rule of law.

In brief then, a rental agreement between landlord and tenant is a contract; and, whether written or oral, each party has certain contractual rights and obligations established and guaranteed by R. C. Chapter 5321.

Municipal Courts in Ohio are created and governed by R. C. Chapter 1901. The particular sections relevant to the case at hand are R. C. 1901.18 (C) and (H), and 1901.21 (A).

R. C. 1901.18 provides:

"Subject to Section 1901.17 of the Revised Code [captioned "Monetary jurisdiction"], a municipal court has original jurisdiction within its territory:

" * * *.

"(C) In any action at law based on contract, to de-

termine, preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto:
"* * * *

"(H) In any action of forcible entry and detainer;"
R. C. 1901.21(A) provides:

"(A)* * * In any civil case or proceeding if no special provision is made in sections 1901.01 to 1901.38, inclusive, of the Revised Code, the practice and procedure shall be the same as in courts of common pleas."

The issue presented by the case at hand has been adequately resolved by several Ohio cases. *E. g., Blenheim Homes, Inc.* v. *Mathews* (1965), 119 Ohio App. 44, 196 N. E. 2d 612; *Kuhn* v. *Griffin* (1964), 3 Ohio App. 2d 195, 209 N. E. 2d 824; *Lauch* v. *Monning, supra* (15 Ohio App. 2d 112, 239 N. E. 2d 675.)

These cases make clear that Municipal Courts are granted full equitable power in contract actions; and injunctions are appropriate equitable remedies. Further, injunctions are proper in the landlord-tenant context. As is stated in 33A Ohio Jurisprudence 2d Landlord and Tenant, at Section 128:

"As a rule, when either the lessor or the lessee fails to perform a convenant on his part to do or refrain from doing a stipulated thing, a right of action at law accrues in favor of the party injured for the damages which he sustains. Also, in a proper case, a court of equity will enforce a covenant in a lease by an injunction restraining its violation."

See, also, *Id.*, at Sections 188-194, inclusive.

Thus, there can be no question but what this court has the jurisdiction to entertain and to grant plaintiff's prayer for injunctive relief. As shown, the action is based on the contractual nature of the relationship between plaintiff-tenant and defendant-landlord. The contract between the parties includes, by force of law, all the protections of R. C. Chapter 5321. And, this court therefore has the power to "hear and determine all legal and equitable remedies nec-

essary or proper for a complete determination of the rights of the parties" to their contract, as well as the power to prevent the mischief and harm that would result from continued violation of the rights of the plaintiff.

E. *Discussion: Bond Issue.*

At first glance Civ. R. 65(C) appears to require the fixing and posting of a bond; so does Federal Civil Rule 65(c), after which the Ohio rule was patterned. McCormac Civil Rules Practice, Section 14.08. Nevertheless, several federal courts have held, that the discretion of the court as to the amount of the bond includes the discretion to require no bond at all. Thus federal courts have issued injunctions without a requirement of a bond in many cases, including: *Continental Oil Co.* v. *Frontier Co.* (C. A. 10, 1964), 338 F. 2d 780, 782-83; *Ferguson* v. *Tabah* (C. A. 2, 1961), 288 F. 2d 665, 675; *Urbain* v. *Knapp Brothers Mfg. Co.* (C. A. 6, 1954), 217 F. 2d 810, 814-15, certiorari denied 349 U. S. 930; *Bivins* v. *Board of Public Education and Orphanage for Bibb County* (D. C. M. D. Ga. 1967), 284 F. Supp. 888; *Powelton Civic Home Owners Assn.* v. *Department of Housing & Urban Development* (D. C. E. D. Pa. 1968), 284 F. Supp. 809. See also, Barron and Holtzoff, Federal Practice & Procedure, Section 1435 (Supp).

By parity of reasoning, therefore, it must be concluded that this court is vested with the discretion to determine that an injunction may issue without bond; put differently, the court has the power to set the bond at nothing ($0.00).

Alternatively, there is a less satisfactory alternative: the court also set a nominal bond of say, one dollar. This has been done in the Federal Courts: *Hastings* v. *Shea* (D. C. Colo.) (Civil Action No. C-1768), CCH Pov. Law Rpts., Par. 10, 418; *Miller* v. *Retail Adjustment Bureau, Inc.* (D. C. D. C. 1969) CCH Pov. Law Rpts., Par. 9991. And in the Court of Common Pleas of Cuyahoga County by Judge Sweeney in *Spencer* v. *Life Color*, case No. 74-932-924, unreported.

However, the "nominal" bond alternative should be weighed against the alternative of no bond by considering the following factors: the indigency of the plaintiff and

his ability to post bond; the extent of the protection to be offered by a bond that plaintiff is capable of posting; the nature of the injunction sought by the plaintiff; and the cost to the court in determining and processing a "nominal" bond.

### F. Conclusion.

Thus, the court concludes that as a matter of law it has the jurisdiction to provide the injunctive relief sought by the plaintiff to enjoin violations of R. C. 5321.15, pursuant to R. C. 1901.18(C) and (H), and 1901.21(A). And further that as a matter of law this court is vested with the discretion to allow such an injunction to issue with either a "nominal" bond or no bond, pursuant to Civ. R. 65(C).

As the court has determined that it has the power to grant the injunctive relief requested, and as the court has determined that it may set no bond as requested, the court will now proceed to consider the plaintiff's prayer for a preliminary injunction. This being so, the court is advised that the parties, through counsel, have agreed to a consent order resolving plaintiff's motion for a preliminary injunction. The court will approve the order which follows hereinafter. (Order omitted.)

*Judgment accordingly.*