OPINION
{¶ 1} This appeal from the Fairfield County Common Pleas Court originated as a foreclosure action.
 {¶ 2} The Assignments of Error presented by appellant are:
 ASSIGNMENTS OF ERROR
I.
 {¶ 3} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE, AS A MATTER OF LAW, DEFENDANTS-APPELLANTS WERE NOT IN DEFAULT ON THE $106,000 NOTE."
II.
 {¶ 4} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE, AS A MATTER OF LAW, MRS. LININGER'S RESIDENCE DOES NOT SECURE THE SIX OTHER NOTES OWED TO FAIRFIELD NATIONAL."
III.
 {¶ 5} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT PRECLUDED GRANTING JUDGMENT ON THE GROUNDS THAT FAIRFIELD NATIONAL WAS "INSECURE"."
IV.
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE FORECLOSURE RESULTS IN FORFEITURE."
 STATEMENT OF THE FACTS AND CASE {¶ 7} Appellant Patricia A. Lininger executed a promissory note to appellee as secured by a mortgage on her residence for $106,000.00. This note was apparently for the benefit of her son and daughter-in-law, Brad and Patricia L. Lininger. The latter individuals were indebted to appellee on six other notes, none of which notes involved appellant.
 {¶ 8} The note appellants signed (Ex. A.) was executed on March 9, 1998 and provided the following as to repayment:
 {¶ 9} "60 consecutive monthly principal and interest payments of $741.61 each, beginning May 1, 1998, with interest calculated on the unpaid balances at an interest rate of 7.500% per annum; 299 consecutive monthly principal and interest payments in the initial amount of $791.28 each, beginning May 1, 2003, with interest calculated on the unpaid principal balances at an interest rate of 2.875 percentage points over the index described below; and 1 principal and interest payment in the initial amount of $787.64 on April 1, 2028, with interest calculated on the unpaid principal balances at an interest rate of 2.875 percentage points over the index described below. This estimated final payment is based on the assumption that all payments will be made exactly as scheduled and that the index does not change; the actual final payment will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under this Note."
 {¶ 10} It also included in its terms the following conditions as to late payments and default:
 {¶ 11} "LATE CHARGE. If a payment is 15 days late or more late, I will be charged 5.000% of the regularly scheduled payment.
 {¶ 12} "DEFAULT. I will be in default if any of the following happens: (a) I fail to make any payment when due. (b) I break any promise I have made to Lender, or I fail to comply with or to perform when due any other term, obligation, covenant, or condition contained in this Note or any agreement related to this Note, or in any other agreement or loan I have with Lender. (c) I default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of my property or my ability to repay this Note or perform my obligations under this Note or any of the Related Documents. (d) Any representation or statement made or furnished to Lender by me or on my behalf is false or misleading in any material respect either now or at the time made or furnished. (e) I die or become insolvent, a receiver is appointed for any part of my property, I make an assignment for the benefit of creditors or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws. (f) Any creditor tries to take any of my property on or in which Lender has a lien or security interest. This includes a garnishment of any of my accounts with Lender. (g) Any of the events described in this default section occurs with respect to any guarantor of this Note. (h) Lender in good faith deems itself secure.
 {¶ 13} "If any default, other than a default in payment, is curable and if I have not been given a notice of a breach of the same provision of this Note within the preceding twelve(12) months, it may be cured (and no event of default will have occurred) if I, after receiving written notice from Lender demanding cure of such default: (a) cure the default in (30) days; or (b) if the cure requires more than (30) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical."
 {¶ 14} The general provisions of the note, among other provisions, stated:
 {¶ 15} "Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them."
 {¶ 16} Appellee filed its motion for summary judgment and appellants responded and also included motions for summary judgment.
 {¶ 17} The trial court granted appellee's motion.
 {¶ 18} Civil Rule 56(C) states, in pertinent part:
 {¶ 19} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 20} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 I., II., III., IV. {¶ 21} We shall address each of the Assignments of Error simultaneously as each question the trial court's conclusions in sustaining appellee's motion for summary judgment.
 {¶ 22} In examining the note in question and the motion for summary judgment from the standpoint directed by Smiddy v. The WeddingParty, Inc., supra, there are several points requiring our attention.
 {¶ 23} First, while the note does state that the payments commence May 1, 1998 with consecutive monthly payments and conclude April 1, 2028, no specific monthly payment due date is stated. In this regard, it is clear from the payment schedule attached to appellant Patricia A. Lininger's motion, and acknowledged by appellee, that all consecutive monthly payments were made, albeit none on the first of each month. It is also undisputed that these payments were accepted by appellee, notwithstanding its interpretation of the note that each payment was late.
 {¶ 24} The trial court, in its Memorandum Decision sustaining appellee's motion, determined that the due date was the first of each month.
 {¶ 25} Also worthy of review is the stress placed upon the fact that Brad and Patricia L. Lininger were in default on six other notes. This, as a basis for default, is included in the affidavit of Barry Walker in support of appellee's motion for summary judgment. The trial court accepted this fact in its decision even though such default was unrelated to appellant, Patricia A. Lininger, unless either the argument of insecurity or the language of the $106,000.00 note, "(c) I default under any other loan etc." is significant even though only two of the makers were in default on the other notes.
 {¶ 26} Addressing the specific absence of the monthly due date in the note, we cannot fault the logic of the trial court's reasoning in determining that such due date was the first of each month.
 {¶ 27} However, the trial court's Entry seems to combine the default concept as to the $106,000.00 note with the clear default of Brad and Patricia L. Lininger on the six other notes.
 {¶ 28} Since the statute of Frauds (R.C. § 1335.05) requires written evidence of the intention of Patricia A. Lininger to obligate herself to the other six notes of her son and daughter in law, these notes cannot be considered relative to a default on the $106,000.00 note. Had appellee intended this consequence or that its insecurity arising from such other notes would be a cause for this default on the note and mortgage Patricia A. Lininger executed, it would have been required to so state. The contents of a contract are to be judged against the drawer thereof. McKay Machine Co. v. Rodman (1967),11 Ohio St.2d 77.
 {¶ 29} The arguments of appellee that the issue of ambiguity was not raised at the trial level and cannot be considered on appeal is without merit as the consideration of possible ambiguity of the note on its face coupled with acceptance of each monthly payment is clearly within the de novo review by this Court.
 {¶ 30} While the trial court cannot re-make a contract for the parties, it could, based on evidence presented, determine the intention of the parties as to the monthly due date. Appellants do not controvert the due date in response to the appellee's motion for summary judgment but contest the issue of default
 {¶ 31} It is well settled that if one accepts late payments and subsequently wishes to insist on a specific due date as a "time of the essence" requirement, prior notification thereof is required. Lauch v.Manning (1968), 15 Ohio App.2d 112, Ambrosia Coal and Construction Co.v. C.B.G., Inc. (May 6, 1996), Mahoning App. No. 94 CA 199.
 {¶ 32} Therefore the $106,000.00 note was not in default without a showing of notice. The granting of Summary Judgment therefore was inapplicable.
 {¶ 33} The language under the general provisions of the note as to the retention of rights by appellee even though strict enforcement of a note provision was not taken is unrelated to the issues presented.
 {¶ 34} Appellee has not lost any of its enforcement rights by insisting, with appropriate notice, of strict due date payment, if such monthly date was intended by the parties at the inception of the note.
 {¶ 35} It is therefore determined by this Court that the $106,000.00 note was not in default, that the six defaulted notes of Brad and Patricia L. Lininger, and the appellee's clear insecurity as to such, are unrelated to the note of Patricia A. Lininger without an insecurity as to this note.
 {¶ 36} It is unnecessary for this Court to question the monthly due date determination or to address the forfeiture arguments raised by the fourth Assignment of Error. The first, second and third Assignments of Error are sustained.
 {¶ 37} This cause is reversed, the Judgment of default and foreclosure is vacated.
Boggins, J., Farmer, P.J. and Wise, J. concur.