OPINION
{¶ 1} Defendant-appellant, Faith Properties, LLC, appeals the decision of the Butler County Common Pleas Court granting the motion for preliminary injunction of plaintiffs-appellees, Charles and Cheryl Back, and denying appellant's motion for preliminary injunction. We affirm the trial court's decision.
 {¶ 2} Appellees own lots 2992 and 2971 in the city of Monroe, which are part of section two of the Cornerstone Subdivision. Appellant owns a tract of land adjacent to lot 2992 in section three of the Cornerstone Subdivision, and is preparing this tract for residential development. Appellant began installing a storm drainage system on a portion of appellees' property in September 2001. Appellant claimed a right of access across appellees' property by virtue of a "drainage easement" granted by Teazak, Ltd. in 1997. Appellant claimed that appellees acquired title to lots 2971 and 2992 subject to this easement. Appellant intended for storm water to drain from its tract, across appellees' property, and into a pond partially located on appellees' property.
 {¶ 3} In September 2001, appellees filed a complaint in the trial court. Appellees alleged that appellant had trespassed on their property, causing erosion and the silting of their pond. Appellees sought injunctive relief and damages against appellant. In Count Five of the complaint, appellees alleged that the drainage easement was not validly created. Appellees alleged that the document attempting to create the easement was invalid because it was not signed by a partner of Teazak, Ltd., the grantor of the intended easement.
 {¶ 4} Appellees filed a motion for a temporary restraining order ("TRO") with the trial court in September 2001, asking the trial court to enjoin appellant from entering appellees' property. The trial court granted appellees' request and issued a TRO. Pursuant to Civ.R. 65(C), the trial court required appellees to pay a $500 bond to the court in order to cover appellant's damages should the trial court later find in appellant's favor.
 {¶ 5} Both appellant and appellees subsequently filed motions for preliminary injunctions with the trial court. The trial court ordered that the TRO be extended until it ruled on the parties' motions for preliminary injunctions. The trial court held a hearing on the motions in September 2001. In November 2001, the trial court issued an entry denying appellant's motion and granting appellees' motion.
 {¶ 6} Appellant now appeals the trial court's decision denying its motion for preliminary injunction and granting appellees' motion. Appellant assigns one error as follows:
 {¶ 7} "WHETHER THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING APPELLEES' MOTION FOR PRELIMINARY INJUNCTION AND DENYING ITS OWN MOTION FOR PRELIMINARY INJUNCTION WITH AN ENTRY THAT FAILS TO CONFORM WITH THE MANDATES OF CIVIL RULES 65(C) AND (D) GOVERNING, RESPECTIVELY, SUFFICIENT SECURITY AND SPECIFICITY OF THE FORM AND SCOPE OF THE ENTRY."
 {¶ 8} In this assignment of error, appellant raises three issues for our review. First, appellant argues that the trial court's injunction order did not comport with the specificity requirements of Civ.R. 65(D). Second, appellant argues that the trial court failed to require the posting of a bond with respect to the preliminary injunction as mandated by Civ.R. 65(C). Third, appellant argues that based on the factors established to determine if a preliminary injunction is warranted, the trial court erred in granting appellees' motion and denying appellant's motion.
 {¶ 9} The grant or denial of an injunction is solely within the trial court's discretion, and a reviewing court should not disturb the judgment of the trial court absent a showing of a clear abuse of discretion. Garono v. State (1988), 37 Ohio St.3d 171, 173; Corbett v.Ohio Bldg. Auth. (1993), 86 Ohio App.3d 44, 49. Abuse of discretion is typically defined as an attitude that is unreasonable, arbitrary, or unconscionable. AAAA Enterprises, Inc. v. River Place Comm. UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161.
 {¶ 10} We now address appellant's first issue for review regarding the specificity requirements of Civ.R. 65(D). Civ.R. 65(D) provides as follows:
 {¶ 11} "(D) Form and scope of restraining order or injunction. Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding upon the parties to the action, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the order whether by personal service or otherwise."
 {¶ 12} The trial court's entry granting appellees' motion for preliminary injunction and denying appellant's motion for preliminary injunction reads in its entirety as follows:
 {¶ 13} "Upon reviewing the Motions of both the Defendant, Faith Properties, LLC and the Plaintiffs, Charles Steven Back and Cheryl A. Back (hereinafter "Plaintiffs") and the Court being otherwise sufficiently advised, Defendant's Motion is hereby DENIED and the Plaintiffs' Motion is hereby GRANTED."
 {¶ 14} The requirements set forth in Civ.R. 65 are not merely directory, but are mandatory. See North Electric Co. v. UnitedSteelworkers of America (1971), 28 Ohio App.2d 253, 259. The rule requires that an injunctive order be specific and detailed enough to give adequate notice of the requirements imposed and not too vague to be understood. Mechanical Contrs. Assn. of Cincinnati, Inc. v. Univ. ofCincinnati (2001), 141 Ohio App.3d 333, 342, citing Superior Sav. Assn.v. Cleveland Council of Unemployed Workers (1986), 27 Ohio App.3d 344,348. The specificity requirements are designed to prevent uncertainty and confusion with respect to injunction orders. Mead Corp. v. Lane
(1988), 54 Ohio St.3d 59, 67.
 {¶ 15} We find that the trial court erred in not following the requirements of Civ.R. 65(D) when it issued the preliminary injunction. It is clear that the trial court's entry did not "set forth the reasons for [the preliminary injunction's] issuance." The entry also was not "specific in terms" nor did it "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained."
 {¶ 16} However, in order for a trial court's error to be reversible error, appellant must show prejudice as a result of the error. Bostic v. Connor (1988), 37 Ohio St.3d 144, 149; Civ.R. 61. We do not find that appellant has demonstrated prejudice as a result of the trial court's failure to issue an injunction order "specific in its terms" and describing in reasonable detail the "acts sought to be restrained." After a review of the record, it is apparent that appellant was well-aware of the conduct the trial court intended to enjoin. The trial court was clearly enjoining appellant from trespassing on appellees' property, as the TRO had explained in detail. Indeed, the focus of the entire controversy is whether appellant or its agents have a legal right to enter appellees' property. Accordingly, the trial court's failure to craft an injunction order specific in its terms and describing in detail the enjoined conduct was not reversible error.
 {¶ 17} We also find that while the trial court's failure to set forth the reasons for the preliminary injunction's issuance was error,North Electric Co., 28 Ohio App.2d at 259, it was not reversible error. Clearly, specific reasons provided by the trial court would have aided us in our appellate review. However, as the court found in North ElectricCo., appellant has failed to demonstrate any prejudice to his legal rights resulting from the trial court's failure to provide specific reasons. See id. at 260.
 {¶ 18} We now address appellant's second issue for review regarding the bond requirement of Civ.R. 65(C). Civ.R. 65(C) provides in relevant part as follows:
 {¶ 19} "(C) Security. No temporary restraining order or preliminary injunction is operative until the party obtaining it gives a bond executed by sufficient surety, approved by the clerk of the court granting the order or injunction, in an amount fixed by the court or judge allowing it, to secure the party enjoined the damages he may sustain, if it is finally decided that the order or injunction should not have been granted."
 {¶ 20} An injunction cannot become legally effective until the bond upon which its issuance is predicated is executed and approved in the manner required, or until security is deposited in lieu of the bond. 56 Ohio Jurisprudence 3d (1984) 388, Injunctions, Section 178; see, also, North Electric Co., 28 Ohio App.2d at 257.
 {¶ 21} Appellant argues that the trial court erred by not requiring appellees to post a bond with respect to the preliminary injunction. According to appellant, "the trial court neither fixed the amount of an injunction bond nor required such a bond within its [i]njunction and, consequently, none was posted."
 {¶ 22} The record shows that the trial court required appellees to post a $500 bond upon the issuance of the TRO, which appellees posted. The trial court did not explicitly set a bond amount with respect to the preliminary injunction in its November 2001 entry granting appellees' motion. In an April 22, 2002 entry, captioned "Entry Increasing Injunction Bond," the trial court granted appellant's "Motion to Increase the Plaintiff's Injunction Bond" and ordered appellees to give additional security in the amount of $500.
 {¶ 23} Based on the trial court's April entry, captioned "Entry Increasing Injunction Bond," it is apparent that the trial court considered the $500 bond posted for the TRO as an "injunction bond," and then ordered appellees to give additional security in the amount of $500. The trial court specifically referred to the $500 already posted as an "injunction bond" in the entry. Additionally, appellant appears to have considered the initial $500 as an "injunction bond," given the caption of its motion, "Motion to Increase the Plaintiff's Injunction Bond." While no specific order existed stating that the $500 posted by appellees with respect to the TRO would "carry over" to the preliminary injunction, it appears that this was the understanding of the trial court and both parties in the action.
 {¶ 24} Under these circumstances, we do not find error. The better practice would have been for the trial court to have explicitly set forth the bond amount with respect to the preliminary injunction in its entry granting the preliminary injunction. However, we do not find that the trial court's actions in this case amounted to an abuse of discretion.
 {¶ 25} We now address appellant's final issue for review regarding whether the trial court properly granted appellees' motion for a preliminary injunction and denied appellant's motion for the same, given the established factors for determining whether a preliminary injunction is warranted.
 {¶ 26} In deciding whether to grant a motion for a preliminary injunction, trial courts look at (1) whether there is a substantial likelihood that the movant will prevail on the merits; (2) whether the movant will suffer irreparable injury if the injunction is not granted; (3) whether third parties will be unjustifiably harmed if the injunction is granted; and (4) whether the public interest will be served by the injunction. Vanguard Transp. Sys., Inc. v. Edwards Transfer and StorageCo., Gen. Commodities Div. (1996), 109 Ohio App.3d 786, 790, citing ValcoCincinnati, Inc. v. N D Machining Serv., Inc. (1986),24 Ohio St.3d 41.
 {¶ 27} We first analyze the likelihood of appellees' success on the merits of the case. After reviewing appellees' complaint and the hearing transcript (appellees did not file a brief with this court), it appears that appellees' argument principally rests on their contention that the easement granted by Teazak, Ltd. was not validly executed. Appellees claim that the grant of easement was not validly executed because the document was not signed by a partner of Teazak, Ltd., an Ohio limited partnership.
 {¶ 28} With respect to a partnership's conveyance of title to real property, R.C. 1775.09(A) provides in relevant part:
 {¶ 29} "Where title to real property is in the partnership name, any partner may convey title to such property by a conveyance executed in the partnership name[.]" "Conveyance" includes "every assignment, lease, mortgage, or encumbrance." R.C. 1775.01(E). "Real property" includes "land and any interest or estate in land." R.C. 1775.01(F). An easement being an interest in land, Cincinnati Entertainment Assoc.,Ltd. v. Hamilton Cty. Bd. of Commrs. (2001), 141 Ohio App.3d 803, 813, R.C. 1775.09(A) applied to Teazak, Ltd.'s grant of easement.
 {¶ 30} An express grant of easement must meet the statutory requirements of R.C. 5301.01; it must be signed, witnessed, and acknowledged in the manner prescribed. Kamenar R.R. Salvage, Inc. v.Ohio Edison Co. (1992), 79 Ohio App.3d 685, 689. R.C. 5301.01 requires that the document be signed by the grantor.
 {¶ 31} The easement in question is contained within the recorded dedication of the plat for section two of the Cornerstone Subdivision. The easement is an express grant of easement from Teazak, Ltd., an Ohio limited partnership. The easement appears to give appellant the right to construct storm water drains on a portion of appellees' property. The record shows that appellees acquired title to lots 2992 and 2971 subject to all easements of record. The dedication that contains the easement lists Teazak, Ltd. as the landowner, and is signed by Steve Posey in his own name. It is not clear from the document who Steve Posey is in relation to Teazak, Ltd.
 {¶ 32} Based on the record before us, it appears that appellees have a reasonable likelihood of success on the merits of their claim. It does not appear that the owner of the property, Teazak, Ltd., properly executed its grant of easement in the dedication of the plat. It does not appear that the document was properly signed by the grantor because it is unclear whether Steve Posey himself was a partner of Teazak, Ltd. with the authority to convey an interest in real property. Appellees claim that he was not. If the grant of easement was not properly signed by the grantor in accordance with the requirements of R.C. 5301.01, appellant would have no legal right to enter onto appellees' property.
 {¶ 33} We now analyze whether appellees would have suffered irreparable harm if the trial court had not granted appellees' motion for a preliminary injunction. At the hearing, appellee, Charles Back, testified that significant harm was occurring to his property on account of the storm drainage construction. Mr. Back spoke of the digging of a deep ditch through his yard and of standing water that had accumulated on his property. Mr. Back also testified to erosion and the silting of a pond partially located on his property. Accordingly, we find evidence in the record that appellees would have suffered irreparable harm in the form of erosion and other property damage if the trial court had not issued the preliminary injunction.
 {¶ 34} With regard to the third factor, it does not appear that any third parties would have been unjustifiably harmed by the trial court's granting of appellees' motion. Therefore, this factor does not weigh in favor of granting or in favor of denying appellees' motion.
 {¶ 35} With regard to the fourth factor, it appears that the public interest was served by the trial court's granting of appellees' motion. The public clearly has an interest in the fair and carefully considered resolution of property rights disputes. While, as appellant points out, the public has an interest in the recognition of vested property rights such as easements, the public also has an interest in ensuring that the instruments creating those rights are properly executed. Preserving the status quo in this case until a more fully considered decision can be reached helps ensure a just result in that regard.
 {¶ 36} The purpose of a preliminary injunction is to preserve the status quo of the parties pending a final adjudication of the case upon the merits. Yudin v. Knight Industries Corp. (1996), 109 Ohio App.3d 437,439, citing Cardinale v. Ottawa Regional Planning Comm. (1993),89 Ohio App.3d 747, 754. Given the foregoing analysis, we find that the trial court did not abuse its discretion in issuing a preliminary injunction and preserving the status quo in this case. At a trial on the merits, the trial court can more closely analyze whether the grant of easement was valid and whether appellant has a legal right to construct the drainage system on appellees' property.
 {¶ 37} It follows logically that the trial court did not abuse its discretion in denying appellant's motion for a preliminary injunction. Given the above-mentioned questions as to the validity of the easement and appellant's failure to show irreparable harm, we find that the trial court acted well within its broad discretion.
The judgment of the trial court is affirmed.
WALSH, P.J., and YOUNG, J., concur.