DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a contempt finding and sanction issued by the Sandusky County Court of Common Pleas. Because we conclude that the preliminary injunction upon which contempt was found was inoperative, we reverse.
 {¶ 2} Appellant, Donald Moyer, resides on property adjacent to the site upon which appellee, Bellevue Hospital, recently erected a new medical facility. During construction, appellant and several others sued appellee and others associated with the project, alleging the design or execution of construction of the hospital caused flooding to adjacent property and negatively impacted the quality and quantity of ambient groundwater.
 {¶ 3} In addition to the lawsuit, many of the adjacent property owners, including appellant, placed signs on their property protesting the hospital. A sign on appellant's land, attached to and covering much of the side of a semi-truck trailer read, "The Bellevue Hospital doesn't care about its neighbors."
 {¶ 4} As the case progressed, appellee entered into negotiations with the neighboring property owners, apparently facilitated by the court. As the result of these negotiations, a settlement agreement was entered into.
 {¶ 5} On October 19, 2005, the parties entered into an agreement wherein the plaintiffs, including appellant, agreed that they would, "* * * cease and desist now and in the future from posting signs on or communications at or on his or her residence that attribute problems with wells or well water to [appellee]." As a result of the settlement, the pending suits were dismissed.
 {¶ 6} On November 28, 2005, appellee sought a preliminary injunction against appellant, asserting that he continued to display a sign in breach of the parties' agreement. Appellee sought an order that appellant remove the sign. Following a hearing, the trial court issued a preliminary injunction, directing appellant to immediately remove the sign or be held in contempt.
 {¶ 7} On December 5, 2005, appellee was back before the court, seeking that appellant be held in contempt for violating the court's prior order. On December 12, appellant answered appellee's petition for injunctive relief and filed a counterclaim alleging that appellee violated the confidentiality clause of the settlement agreement.
 {¶ 8} At a December 19, 2005 hearing, the court struck appellant's answer and counterclaim, ruling that these matters had already been adjudicated at the hearing for the preliminary injunction. The court also rejected appellant's arguments that contempt could not be found because the court had failed to set bond in security of the order as mandated by Civ.R. 65(C). The court stated that waiver of the bond was "implicit in its not mentioning bond that that was the court's intention."
 {¶ 9} Following the hearing, the court found appellant in contempt of its earlier injunction for 12 days in December. The court sanctioned appellant by imposing a $100 per day penalty and ordering that he pay appellee's attorney fees. The court suspended the fine. From this judgment, appellant now brings this appeal. Appellant sets forth the following four assignments of error:
 {¶ 10} "I. The court of common pleas erred in finding the appellant guilty of contempt when it did not set any amount for bond for a preliminary injunction.
 {¶ 11} "II. The trial court's finding that the appellant failed to abide by an agreement is against the manifest weight and sufficiency of the evidence.
 {¶ 12} "II(A). The court's ruling imposes on the appellant's rights to freedom of speech and as such is in error.
 {¶ 13} "IV. The trial court erred by sua sponte dismissing the appellant's answer, amended answer, counterclaim and request for trial by jury filed in response to the appellee's motion for preliminary injunction."
 I. Civ.R. 65 {¶ 14} Civ.R. 65(C) provides that:
 {¶ 15} "No temporary restraining order or preliminary injunction is operative until the party obtaining it gives a bond executed by sufficient surety, approved by the clerk of the court granting the order or injunction, in an amount fixed by the court or judge allowing it, to secure to the party enjoined the damages he may sustain, if it is finally decided that the order or injunction should not have been granted."
 {¶ 16} One cannot be held in contempt for violating a preliminary injunction unless the order has been made operative by posting a bond in an amount fixed by the court. NorthElectric Co. v. United Steelworkers of America (1971),28 Ohio App.2d 253, 257-258. The issuing court does, however, have the option to set bond at a nominal amount or at zero. VanguardTransp. v. Edwards Transfer (1996), 109 Ohio App.3d 786, 793, adopting the reasoning of Colquett v. Byrd (1979),59 Ohio Misc. 45. Notwithstanding this exception, the court's determination of how much bond, if any, is required must be made manifest through journalization of the order. North ElectricCo., supra, at 256. Oral pronouncements are insufficient. Id.
 {¶ 17} In this matter, even had the court intended to waive bond or set it at zero, such decision was not contained in the entry that was journalized. As a result, the preliminary injunction was inoperative pursuant to the express terms of Civ.R. 65(C). Accordingly, appellant's first assignment of error is well-taken.
 {¶ 18} As we have held that the preliminary injunction issued was a nullity, appellant's remaining assignments of error are moot.
 {¶ 19} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J. Singer, P.J. Parish, J. concur.